Mix *against* Mix.

To give the court jurisdiction to decree a divorce, *a vinculo matrimonii*, on the ground of adultery, where the marriage was solemnized abroad, it must clearly and distinctly appear, from the bill, that *both* parties were inhabitants of the state at the time the adultery was committed.

THE plaintiff, on the 30th of *April*, 1814, filed a bill to obtain a divorce from her husband, on the ground of adultery.

The bill stated, that the plaintiff was a native of *Great Britain*, and now an inhabitant of this state. On the 9th of *October*, 1808, she married the defendant. The place of the marriage was not stated, but it was strongly to be inferred from the bill, that the marriage took place in *England*. The plaintiff stated, that she married the defendant, "a native and a citizen of the *United States*, and an inhabitant of the state of *New-York*." The defendant owed large debts in *England*, and, in *June*, 1809, they came to the *United States*. In *January*, 1810, they returned to *England*. In *June*, 1812, the defendant came back to the *United States*, with the pretence of finding employment. In *January*, 1813, he wrote to the plaintiff a letter, informing her that he was in the naval service of the *United States;* and she, in pursuance of a determination to follow her husband to the *United States*, embarked from *England*, in *June*, 1813, for *New-York*. She arrived at *Boston*, in *July*, 1813, and came to the city of *New-York*, and took lodgings. The defendant "shortly thereafter visited her, and after remaining and cohabiting with her two days, again abandoned her." That the defendant, since his arrival in the *United States*, hath committed adultery with *S. H.* and *S. B.*, " of the city of *New-York*," in, or about, the month of *February*, 1814.

The defendant demurred to the bill, on two grounds :

1. That it did not appear that the plaintiff was within the provisions of the act ; and, 2d. That she does not state the offence, or act of adultery, with sufficient precision.

*Burr*, for the plaintiff.

*S. Jones*, jun., contra.

The Chancellor. To give the court jurisdiction, in this case, it must appear that the parties were " inhabitants of this state at the time of committing the adultery." It does appear that the plaintiff (who is the injured party) was an actual resident ; but that is not sufficient, as the marriage was not solemnized here. It must then appear, that *both parties* were inhabitants of this state at the time of the adultery charged ; and this fact is not expressly averred, nor does it distinctly and certainly appear as to the defendant. The bill is not sufficiently clear and positive, on this point, to give the court jurisdiction. If this was the fact as to both parties, why not say so by a plain and positive averment ? When the statute confines the jurisdiction of the court over divorces, to persons of a particular description, the bill ought to show distinctly that the parties come within that description. The more I examine the bill, the more uncertain it appears to me, whether the defendant really was an inhabitant of this state at the time of the adultery charged. It does not appear that he was born in this state. He is only stated to have been an inhabitant of it when he married, and *then* he was a non-resident, for the marriage was solemnized in *England ;* and it does not appear that he was ever afterwards within this state, except when he visited his wife for two days, shortly after her arrival at *New-York*, in *July*, 1813. It appears that he owed large debts in *England ;* that he remained there for eight months after the marriage, and then came to the *United States* ; but it does not appear

to what part; that he returned to *England*, and resided there two years, and came again to the *United States*, (but the bill does not state where,) and entered into the naval service. The adultery is charged to have been committed with two woman of *New-York*, but is not alleged to have been committed in *New-York*. The bill is, therefore, destitute of certainty in this most material point, the defendant's domicil. The bill ought, therefore, strictly, to be dismissed, but as the objection does not touch the subject matter, or what may properly be called the merits of the case, and may have arisen from inattention in drawing the bill, I shall give the plaintiff leave to amend in twenty days, on payment of costs, and, in default thereof, that the bill be

* S. C. *ante*, 108. dismissed.*

Ordered accordingly.

