### Ex parte DAVID BEATTY.

A complainant in chancery, against whom there is a decree for costs *cannot
be imprisoned on an execution for such costs,* where the bill is founded on a
*contract,* and the complainant prays for *general relief,* as well as a *specific
performance* and the circumstances of the case are such, that upon proof
of the contract there might have been a decree against the defendant for
*damages* for the non-performance of the contract.

This court, at a *special term,* has the power to grant a *habeas corpus* to inquire
into the *cause of detention* of a party, and when such party is brought up,
discharge him from custody; the *habeas corpus,* when thus granted, is
granted *by the court,* and not *by one of the justices* thereof, acting as a com-
missioner.

Every person having an interest in continuing the imprisonment of the party
named in the *habeas corpus,* is entitled to *notice* of the *time* and *place* of the
return of the writ; but it is not necessary to serve with such notice a copy
of the petition or other paper upon which the writ was granted.

THE facts of this case fully appear in the following opinion,
delivered by the CHIEF JUSTICE.

The petitioner, David Beatty, is brought up on a *habeas cor-
pus* allowed at the last special term of this court, and asks to

October 9.

be discharged, by virtue of the provisions of the *act to abolish imprisonment for debt,* passed in 1831.   Several questions have been raised, which will be discussed in their order.

1. Has the court jurisdiction of this matter ?

2. Should not the application have been made to the vice chancellor of the 4th circuit ?

3. Has proper notice been given ?

4. Is the case within the first section of the act ?

I. It is not·denied that the court at the *general* terms have jurisdiction.   The revised statutes, 2 R. S. 563, declare that every person restrained of his liberty, may, except in two specified cases, prosecute his writ of *habeas corpus* or *certiorari,* to inquire into the cause of such restraint.   Application for such writ may be made, 1. To the supreme court during its sitting ; or 2. To certain officers named, being or residing within the county where the person is detained, &c.   Authority is expressly given to the supreme court during its sitting.   This it is said, is confined to the terms of the court as they were organized on the 1st January, 1830, when the revised statutes went into operation ; and it cannot be doubted that such was the intention of the legislatnre at that time, for *then* the court held no sitting at any other time.   But the legislature in 1830, passed an act authorizing the justices of the supreme court to hear and dispose of non-enumerated business in vacation, by which all non-enumerated business is to be heard and decided in vacation, except such as the said justices shall by rule direct to be heard in term time.   The rules of the court, made in pursuance of this law, specifying such business as shall continue to be transacted at the terms ; all other non-enumerated business must therefore be done at the sittings of the court in vacation, which have been denominated *special terms.* Applications for *habeas corpus* belong to the class of non-enumerated business, and must be made at the special terms - and there can be no doubt that the court, in these sitting or special terms, have by statute, all the authority in transacting the business assigned to them, that previous to 1830 was possessed by the court in term time.

1 have remarked that there were two cases in which persons restrained of their liberty were not entitled to the benefit

of the writ of *habeas corpus;* one of which is that of persons *committed by virtue of executions* issued upon judgments or decrees in civil suits. The applicant, in the present case, is so imprisoned, and therefore, by virtue of the revised statutes alone, he could not be discharged; but the act of 1831, to abolish imprisonment for debt, Session Laws of 1831, page 396, confers authority to issue the writ in some such cases. The 46th section of that act declares, that any person imprisoned on any process issued out of any court, who shall be entitled to be discharged from such imprisonment, under the provisions of that act, may bring a writ of *habeas corpus* or certiorari for that purpose, in the manner provided in the revised statutes. If, therefore, the applicant is entitled to be discharged by any tribunal, this is the proper forum.

II. It is argued that the application should have been made to the vice chancellor, out of whose court the process issued, upon which the applicant is imprisoned. There is no doubt that the vice chancellor has power to discharge, but the statute to which I have just referred has conferred the same power upon this court, and upon any supreme court commissioner residing in the county where the prisoner is detained; and in case there be no such officer in that county who is competent and willing to act, then any supreme court commissioner residing in an adjoining county has the like power. 2 R. S. 563, § 23. The jurisdiction of the court, as a court, does not depend upon the fact of there being no commissioner in the county, or one or more who is incompetent or unwilling to act. I think, therefore, that it cannot well be doubted that this court, sitting in special term, has power to issue the writ, and to inquire into the cause of the detention of the prisoner.

III. It is next objected that proper notice has not been given. The 46th section of the *habeas copus* act, 2 R. S. 569, directs, that when it appears from the return to the writ, that any person has an interest in continuing the imprisonment, he shall have like notice of the time and place at which such writ shall have been made returnable, as is required to be given of special motions in the supreme court of this state. This notice must be given in all such cases, whether the application be made to the court, or to any officer at chambers. The

statute directs what the notice shall contain ; it is the *time* and *place* of the return of the writ; not that a copy of the petition, or of any paper whatever, shall be served, but simply a notice apprising the party of the time and place when and where the writ of *habeas corpus*, granted in favor of the prisoner, is returnable. That has been done in this case. We have thus arrived at the merits of the motion.

IV. Is this a case embraced within the first section of the act of 1831 ? By the return of the sheriff, it appears that the prisoner is confined by virtue of a *ca. sa.* issuing from the equity court of the 4th circuit for costs upon a decree against him. By the bill and answer before the vice chancellor, it appears that the complainant, the applicant here set forth a contract as the foundation of his suit, alleged a violation of that contract as the gravemen, and prayed that the defendant, A. Allen, might be compelled to perform his contract specifically, and asked for further relief, agreeably to equity and good conscience. The defendant Allen unequivocally denied the existence of any such contract as the complainant relied on. It appears by the *affidavits* that the principal ground of argument on the part of the complainant before the vice chancellor was, that the defendant Allen was guilty of a *fraud;* but we must look to the *pleadings* to ascertain the grounds upon which the suit was founded, and the remedies asked for, or which might be granted. From the bill and answer both, it is very clear that the complainant could not succeed, without proving a contract, and the allegation of fraud in the bill is no more than what is usually contained in a declaration in assumpsit. The statute is as follows : "No person shall be arrested or imprisoned on any civil process issuing out of any court of law, or on any execution issuing out of any court of equity, in any suit or proceeding instituted for the recovery of any money due upon any judgment or decree founded upon contract, or due upon any contract express or implied, or *for the recovery of any damages for the non-performance of any contract.*" If the suit instituted by Beatty was for the recovery of money due upon a contract, or damages for the non-performance of a contract, then it is within the statute, otherwise not. Were a bill filed purely for a specific performance, and the chancellor were

ALBANY,
Oct, 1834.

Ex parte
Beatty.

to decree a specific performance of any thing but the payment of money, I should doubt whether, in such a case a party refusing obedience to the decree could avail himself of this statute ; he would be in contempt and might be imprisoned for his contempt, and could have no remedy by *habeas corpus*, 2 R. S. 563, § 22, sub. 2, the language of the statute being, " but no order of commitment for any alleged contempt, or upon proceedings as for contempt, to enforce the rights or remedies of any party, shall be deemed a judgment or decree, within the meaning of this section ; nor shall any attachment or other process, issued upon any such order, be deemed an execution, within the meaning of this section." It is clear, from this section, that where a party is imprisoned for the contempt, and cannot be discharged by the payment of a certain sum of money, but must answer interrogatories, and purge his contempt before he can be discharged, such person is not within the purview of these statutes. I think it is also clear that in the present case, as presented to the court of chancery, had the contract been proved to the satisfaction of the court, it would have been competent for that court, under the prayer for general relief, to have referred the matter to a master, to ascertain the amount due the defendant Allen for moneys paid and services rendered ; and if such amount was less than the amount for which he sold the farm mentioned in the pleadings, the court might have made a decree against him for the balance : upon which decree the complainant, might have issued a *fi. fa.* But could he, upon such a decree, have properly issued a *ca. sa.* ? and had a *ca. sa.* been issued, would not the defendant have been entitled to be discharged, by virtue of an application similar to the present ? I cannot entertain a doubt that in this aspect of the case, it is within the statute, and that the defendant in the case supposed, would be discharged ; and if so, the present applicant is equally entitled to be discharged.