THE PEOPLE OF THE STATE OF NEW YORK, APPEL-
LANT, *v.* WILLIAM T. CARTER, RESPONDENT.

Habeas corpus — *a prisoner in custody by virtue of a mandate, cannot be discharged unless notice be given to the district attorney — chapter 226 of 1863, conferring the power to remit the record to the trial court to pass a proper sentence, does not apply to Courts of Special Sessions.*

The respondent, who was convicted by a Court of Special Sessions of Steuben county of a violation of the excise law, and sentenced to pay a fine of $100 or be imprisoned in the county jail until the fine was paid, not exceeding 100 days, having refused to pay the fine, was committed. Upon the return to a writ of *habeas corpus*, issued by the county judge upon the respondent's application, an order was made by the said judge, without notice to the district attorney of the county discharging the respondent.

*Held*, that, under the provisions of section 2038 of the Code of Civil Procedure, the district attorney should have had notice of the proceeding, and the county judge had no right to discharge the prisoner without such notice.

That, as the power of the Court of Special Sessions to fine or imprison the defend-ant was limited, by section 717 of the Code of Criminal Procedure, to a fine not exceeding fifty dollars or imprisonment for six months, the judgment was void whilst the conviction was proper.

That, as chapter 226 of 1863, which confers upon the Supreme Court or any appellate court the power to remit the record of conviction to the trial court to pass proper sentence, does not include Courts of Special Sessions, no power existed to remit the record in this case to the Court of Special Sessions for further judgment; and that as further imprisonment would be illegal the order should be affirmed.

APPEAL from an order of the county judge of Steuben county, discharging the respondent from imprisonment upon a writ of *habeas corpus.*

*A. M. Burrell,* for the appellant.

*A. H. Burrell,* for the respondent.

HAIGHT, J. :

The respondent was convicted by a Court of Special Sessions of Steuben county of a violation of the excise law, and sentenced to pay a fine of $100, or be imprisoned in the Steuben county jail until the fine was paid, not exceeding one hundred days. He refused to pay the fine and was consequently committed. Thereupon a writ of *habeas corpus* was issued by the county judge, directing Henry Baldwin, the sheriff, to produce the defendant before such judge, who made the order discharging him without notice to the district attorney of the county. From such order the district attorney appeals to this court.

Proceedings under a writ of *habeas corpus* are special proceedings under the Code, and a proper title would be "The People ex rel. William T. Carter v. Henry Baldwin." The proceedings under the writ, however, do not appear to be so entitled, and the notice of appeal is entitled the same as those in the proceedings. The district attorney had power to bring the appeal (Code of Civil Procedure, § 2059,) and inasmuch as the body of the notice is sufficient in form and the title conforms to that under which the proceedings were instituted, we are of the opinion that we may disregard the defect in the title.

Section 2038 of the Code of Civil Procedure provides that " where it appears from the return to either writ * * * that the prisoner is in custody by virtue of a mandate, an order for his discharge *shall not* be made until notice of the time when, and the place where the writ is returnable, or to which the hearing has been adjourned, as the case may be, has been either personally served eight days previously or given in such other manner and for such previous length of time as the court or judge prescribes, as follows : " First. Where the mandate was issued or made in a civil action or special proceeding, to the person who has an interest in continuing

the imprisonment or restraint, or his attorney. Second. In every other case to the district attorney of the county within which the prisoner was detained at the time when the writ was served."

Under this provision the district attorney of the county should have had notice of the proceeding, and the county judge had no right to discharge the prisoner without such notice. (*The People* v. *Cassels*, 5 Hill, 164, 170; *Ex parte David Beatty*, 12 Wend., 229, 231; *The People* v. *Pelham*, 14 id., 48; *The People ex rel. Hughlitt* v. *Brennan*, 61 Barb., 540; *The People ex rel. Navagh* v. *Frink*, 41 Hun, 188, 193; Church on Habeas Corpus, 115.) The order must, therefore, be reversed and the respondent remanded to the custody of the sheriff, unless it now appears to this court that further imprisonment would be illegal.

It is conceded, on the part of the district attorney, that the Court of Special Sessions has no power to fine the defendant $100 or to imprison him until that fine was paid, its power being limited under section 717 of the Code of Criminal Procedure, to a fine not exceeding fifty dollars or imprisonment for six months. The judgment was, therefore, void, whilst the conviction was proper. (*The People ex rel. Stokes* v. *Riseley*, 38 Hun, 280; *The People* v. *Nash*, 12 N. Y. Weekly Dig., 545; *The People ex rel. Devoe* v. *Kelly*, 97 N. Y., 212, 215; *The People* v. *Bork*, 96 id., 188, 200; *The People, etc., ex rel. Tweed* v. *Liscomb*, 60 id., 559.)

The only question, therefore, left for consideration is whether the county judge should have detained the prisoner until he had paid the fifty dollars, the fine which the Court of Special Sessions had the power to impose, or should have remanded him to the custody of the sheriff with directions to the Court of Special Sessions to pass a proper judgment.

In the *Tweed case* (*supra*) cumulative judgments were entered, the imprisonment of one to commence after the imprisonment upon the former judgment had expired. They were in the nature of separate and distinct judgments. He had served out the full term of imprisonment upon one judgment before the application for the writ was made. The first judgment entered was one which the court had the power to make, and it was not therefore void. The subsequent or cumulative judgments entered were such as the court did not have power to make, and they were consequently held void and

the prisoner was discharged. In the other cases to which we have alluded, as well as the case under consideration, the judgment was one which the court did not have the power to make and was therefore void and the imprisonment thereunder illegal. The respondent was, therefore, entitled to his discharge, unless the county judge should have remanded him to the Court of Special Sessions, with directions to sentence him in accordance with the provisions of the Code of Criminal Procedure referred to.

In the cases of *Kelly* and *Bork* (*supra*) such practice was adopted. They were cases, however, in which convictions had been had in courts of record upon indictments. The power to remit the record of conviction to the trial court to pass proper sentence did not exist until the passage of chapter 226 of the Laws of 1863. This act is an act to amend section 24, article 2, title 6, chapter 2, part 4 of the Revised Statutes. That article relates to writs of error upon judgments rendered on indictments in courts of record, and section 24, as amended, reads as follows: "If the Supreme Court shall affirm such judgment it shall direct the sentence pronounced to be executed, and the same shall be executed accordingly. If the Supreme Court shall reverse the judgment rendered it shall either direct a new trial or that the defendant be absolutely discharged according to the circumstances of the case, provided, however, that the appellate court shall have power upon any writ of error, when it shall appear that the conviction has been legal and regular, to remit the record to the court in which such conviction was had to pass such sentence thereon as the said appellate court shall direct."

Under the Code of Criminal Procedure the writ of error has been abolished and a review of the judgment, in a criminal action by appeal, is substituted in the place of it. The provisions of the statute are not otherwise affected by the provisions of the Code of Criminal Procedure and, therefore, remains in force. (*The People* v. *Bork, supra.*) But it will be observed that the Supreme Court or the appellate court, only, is given the power to remit the record to the trial court, and that only in a case provided for by the title, that is, upon a judgment rendered upon indictment. The Court of Appeals, therefore, had power under this statute to remit the record in the Bork case to the Court of Oyer and Terminer, and in the Kelly case to the Court of Sessions of the county, those courts being

the trial courts and the conviction being upon indictments tried in those courts; but the statute does not include Courts of Special Sessions, those courts not being courts of record or having jurisdiction to find indictments or to give judgment thereon.

We, consequently, are of the opinion that no power exists to remit to the Court of Special Sessions for further judgment. (*The People* v. *Nash, supra; The People ex rel. Stokes* v. *Riseley*, Id.; *Lattimore* v. *The People*, 10 How., 336.) Further imprisonment would, therefore, be illegal, and for this reason the order should be affirmed.

BARKER, P. J.; BRADLEY and DWIGHT, JJ., concurred.

Order affirmed.