(121 App. Div. 516.)

HENNEKE v. SCHMIDT.

(Supreme Court, Appellate Division, Second Department.  October 11, 1907.)

1. PLEADING—RESIDENCE OF DEFENDANT—NECESSITY.

The County Court, being of limited jurisdiction, is not within the rule that jurisdiction of courts of general jurisdiction is presumed; and under Const. art. 6, § 14, giving the court jurisdiction of actions for money where defendant resides in the county and the sum demanded does not exceed $2,000, it is necessary that a complaint allege defendant's residence in the county, to show jurisdiction.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 61.]

2. SAME—AMENDMENT.

In an action in the County Court, the court, having obtained jurisdiction of defendant, if he resided in the county, could permit plaintiff to amend the complaint by showing such residence.

Appeal from Kings County Court.

Action by William Henneke against John William Schmidt.  From a judgment dismissing the complaint, plaintiff appeals.  Reversed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Wm. H. Klinker, for appellant.

A. F. Van Thun, Jr., for respondent.

GAYNOR, J.  The county court is of limited jurisdiction, and is therefore not within the rule that the jurisdiction of courts of general jurisdiction is presumed.  It has jurisdiction of an action to recover money where the defendant resides in the county and the sum demanded does not exceed $2,000.  Const. N. Y. art. 6, § 14.  It can no longer be gainsaid that it is necessary that the complaint in such an action should allege that the defendant is a resident of the county in order to state a cause of action of which the court has jurisdiction.  Gilbert v. York, 111 N. Y. 544, 19 N. E. 268.  The complaint here did not contain that allegation.  The defendant at the opening of the trial moved to dismiss for want of jurisdiction appearing.  The plaintiff moved to amend by alleging that the defendant resided in the county at the commencement of the action, and offered to prove that fact.  The court denied the motion to amend on the ground that it had no jurisdiction of the action to do anything in it, and granted the motion to dismiss.  This arose out of momentary inadvertence.  The court got jurisdiction of the action by the summons, if the defendant was a resident of the county in fact, and could have allowed the amendment.

The judgment should be reversed.

Judgment of the County Court of Kings county reversed, and new trial ordered; costs to abide the final award of costs.  All concur.