(170 App. Div. 67)

### DULSO v. DULSO.

(Supreme Court, Appellate Division, Fourth Department. November 17, 1915.)

DIVORCE ☜104—PLEADING—AMENDMENT.

Plaintiff sued for separation, but her petition failed to allege that she and the defendant were married within the state. Code Civ. Proc. § 1763, provides that an action for separation may be maintained where the parties were married within the state. *Held*, that an amendment should have been permitted, to show that the marriage occurred within the state, since its permission would not create a cause of action, but would merely show jurisdiction of the court over a cause already in existence at the time of the commencement of the action.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 27, 28, 328–339; Dec. Dig. ☜104.]

Appeal from Special Term, Steuben County.

Action by Sarah J. Dulso against Joseph C. Dulso. From a judgment of the Supreme Court dismissing her complaint on the merits, upon the decision at Special Term granting defendant's motion for dismissal of the complaint on the ground that it appeared on the face thereof that the court was without jurisdiction of the subject-matter, plaintiff appeals. Reversed, and new trial granted.

Before this motion was granted, plaintiff asked leave to amend her complaint by adding to the allegation therein of the time and place of the marriage of plaintiff and defendant an allegation that the parties were married in the town of Campbell, Steuben county, N. Y., at the time stated in the complaint. Plaintiff's motion was, as the court stated, denied, not in the exercise of discretion, but solely upon the ground of lack of power to grant the amendment.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

James O. Sebring, of Corning, for appellant.
Clarence Ten Eyck, of Waterloo, for respondent.

PER CURIAM. Defendant and plaintiff are husband and wife. Plaintiff's action is for a separation. One of the cases in which, as

provided by section 1763 of the Code of Civil Procedure, such an action may be maintained is:

"Where the parties were married within the state, and the plaintiff is a resident thereof when the action is commenced."

Plaintiff alleges in her complaint that she is a resident of the state of New York, but does not state where her marriage with defendant took place. It is conceded that because of this omission the complaint did not state a cause of action of which the court had jurisdiction. The grounds, upon which plaintiff's motion to amend the complaint was denied, were thus stated by the trial court:

"I do not see how I can permit an amendment which will give me jurisdiction where I have not jurisdiction of the subject-matter. * * * This court is a court of general jurisdiction ordinarily, but as regards this class of actions it is a court of limited jurisdiction. Its jurisdiction is limited to certain situations. * * * In other words, unless the papers upon their face allege the facts which bring the plaintiff within the class of these actions of which this court has jurisdiction, they are defective. If I am right, I have not the power to do anything in a case in which I have not jurisdiction. I will rule squarely that I do not think I can permit this amendment. In other words, the motion to amend is denied, for the reason that in my judgment such an amendment would establish a cause of action, whereas now no cause of action is shown by the papers before me. That is, an amendment cannot give me jurisdiction of the subject-matter where now I have not any jurisdiction of the subject-matter. I do not think I have the power to make such an amendment."

We are of the opinion that the court to some extent misconceived the purpose of the amendment asked for and its effect upon the cause of action sought to be pleaded, if it should be granted. Its effect, if allowed, would not have been to create a cause of action of which the court had jurisdiction, but would have been by proper allegation to show that a cause of action of which the court had jurisdiction really existed. The cause of action sought to be pleaded, of which the court would have had jurisdiction, if properly pleaded, existed when the action was brought. It had not been properly pleaded, so as to show that the court had jurisdiction. The amendment would, if allowed, simply correct a defective pleading, and not call a cause of action into being. It has frequently been held that complaints, defective because of a failure to allege the necessary facts upon which the jurisdiction of the court depended, might be amended in those particulars on proper application. Mix v. Mix, 1 Johns. Ch. 204, was an action for divorce. A demurrer to the bill was sustained. It is said in the opinion of Chancellor Kent in that case:

"To give the court jurisdiction in this case it must appear that the parties were 'inhabitants of this state at the time of committing the adultery.'"

After discussing the allegations of the bill he concludes:

"The bill is therefore destitute of certainty in this most material point, the defendant's domicile. The bill ought therefore, strictly, to be dismissed; but as the objection does not touch the subject-matter, or what may properly be called the merits of the case, and may have arisen from inattention in drawing

the bill, I shall give the plaintiff leave to amend in 20 days, on payment of costs, and in default thereof that the bill will be dismissed."

In Henneke v. Schmidt, 121 App. Div. 516, 106 N. Y. Supp. 138, the action had been brought in County Court. Plaintiff failed to allege in his complaint the jurisdictional fact that defendant was a resident of the county. The court held that the denial of plaintiff's motion made at the trial to amend his complaint in that particular was error. The reason for so holding is thus summarized in the last sentence of the opinion:

"The court got jurisdiction of the action by the summons, if defendant was a resident of the county in fact, and could have allowed the amendment."

Although it is doubtless true that the amendment in that case was unnecessary, for the reason that the court had as to the defendant acquired jurisdiction of the action, whether he was a resident of the county or not, because of the fact that he had already appeared and answered generally, without raising in any manner objection to the sufficiency of the complaint (see Meyers v. American Locomotive Co., 201 N. Y. 163, 94 N. E. 605), yet the court's decision is placed squarely upon the power of the court to grant the amendment. That case is cited with approval in People v. Bailey, 136 App. Div. 130, 120 N. Y. Supp. 618. See, also, Jenkins v. Hall, 85 Hun, 619, 32 N. Y. Supp. 883; [1] Hogan v. Glueck, 2 App. Div. 82, 37 N. Y. Supp. 522; Shaw v. City of New York, 83 App. Div. 212, 82 N. Y. Supp. 44. We do not think the case of Halpern v. Langrock Bros. Co., 155 N. Y. Supp. 167, conflicts with our conclusions above expressed.

The judgment should be reversed, and a new trial granted, with costs to appellant to abide event.

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in Hun's Reports.