THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES E. NOEL and KATHERINE NOEL, Respondents, *v.* MARY O'DELL, Appellant.

Third Department, July 8, 1920.

Habeas corpus — proceedings by parents to recover possession of infant — petition directed to judge and not to court and writ granted by judge at chambers — objection to irregularity made below and withdrawn — waiver of objection — right to raise objection on appeal — facts justifying surrender of child to parents.

Where, in proceedings to obtain the custody of an infant, the attorney for the respondent makes the objection that the petition for the writ of habeas corpus was directed to a judge and not to the court, and that the writ was granted by a judge at chambers and not by the court, and thereafter withdraws his objection in open court and the issues are tried, he will not be permitted on appeal to repudiate the withdrawal of the objection and his word given to the court that he had withdrawn the same.

The defect in proceedings for a writ of habeas corpus to inquire into the detention of an infant, that the petition was directed to a judge and

not to the court, and that the writ was granted by a judge at chambers and not by the court, may be waived by the respondent.

In proceedings to recover the custody of an infant it appeared that the infant was born out of wedlock and soon thereafter given into the care and custody of the father's sister, and that subsequently the father and mother were married. On all the evidence, *held*, that it is for the best interests of the infant that she be given into the custody of her parents.

APPEAL by the defendant, Mary O'Dell, from an order of the Supreme Court, made at the Washington Special Term and entered in the office of the clerk of the county of Washington on the 24th day of February, 1920, awarding the possession, care, custody and control of Lillian Beatrice Noel to the relators.

*William Sears*, for the appellant.

*T. W. McArthur*, for the respondents.

KILEY, J.:

On the 21st day of March, 1910, Lillian Beatrice Noel was born at Troy, N. Y. Her father's name was and is Charles Noel, her mother's name was Katherine Milner. At the time the father had a living wife, the mother was a single woman, hence the child was born out of lawful wedlock. These two people are the relators and respondents on this appeal. The defendant, appellant, is the sister of Charles Noel. Shortly after the birth of Lillian her father made an arrangement with his sister, the appellant, to care for his infant daughter; the evidence warrants this conclusion. Some arrangement was made with the appellant to care for the infant; any other conclusion cannot be drawn from the evidence in this record. The relators drifted from place to place until they finally settled in Canada, lived as man and wife, and about eight years ago another baby girl was born to this couple. Charles Noel enlisted in the World War from Canada, went to France, and understanding, how and by what means does not appear, that seven years' absence of his wife entitled him to marry again, on his return these relators were married in Canada. They are comfortably situated, strong and healthy, and show considerable degree of respectability and intelligence. They have tried heretofore to get the possession of their oldest child. In the meantine, Lillian has lived with her aunt, the appellant,

with her cousin, appellant's daughter, and with her grand-parents, old people, with whom she and her aunt and two other men are now living, all in the same house. Some of the time this girl has lived on a canal boat operated by her grandfather. The evidence justifies the inference that the appellant and a boarder, twenty-nine years old, living at the grandfather's house, are too intimate to sustain a reputation for strict respectability. She is being sued for a divorce on that account, and says her husband can have the divorce; they have not lived together for about ten years. The evidence on the hearing forces the conclusion that the first wife of Charles Noel has obtained a divorce from him; she was the appellant's husband's sister. Out of this seething vortex of passion, love and war, some of these combatants seem to be emerging into saner, clearer and purer atmosphere. Each of the two forces so recently submerged in the above elements are contending for the possession, custody and control of Lillian. The court should have but one purpose in view, and that, the advantage of the child. By nature the relators' claim is paramount; that they are sincere cannot be doubted, when their position is considered. They face the world and confess their wrong and have done and are doing all, under the circumstances, that they can do to right that wrong. A mental review of both households, their occupants, personalities and surroundings, cannot fail to impress the impartial with the conviction that the best prospects and outlook for this child are with her parents. Being refused the child by those having her in charge, they sued out this writ. Relators' petition was directed to a justice of the Supreme Court, not to the court; and it is claimed by appellant that the writ and order allowing it was made by a judge at chambers. The papers do not state that the issuance was at chambers; that fact, if it is a fact, rests upon inference from the papers and what followed. This may have been a Special Term at chambers; if so it would be a writ granted by the court. (*Ex parte Beatty,* 12 Wend. 229.) The form of the papers may misrepresent their judicial source. If necessary the presumption that the writ was issued by a court at Special Term held at chambers might well be indulged if not overcome by subsequent acts of the parties and court. The defendant

made return to the writ, her answer raised an issue, and it came on for trial at Special Term where it was returnable. No motion had been made; no objection raised, either in defendant's return or otherwise, that there was any defect in the process of law. The defendant then made the objection that the petition was directed to a judge, not to the court; and that the writ was granted by a judge at chambers and not by a court. The objection was good, and so recognized by the court. (*People ex rel. Hoyle* v. *Osborne*, 6 Civ. Proc. Rep. 299.) Defendant's counsel withdrew this objection and so stated in reply to a question put to him by the court, and in open court. The trial of the issues proceeded, the order appealed from followed. Appellant's attorney now seeks to repudiate the withdrawal of the objection and his word given to the court that he had withdrawn the same. He should not be permitted to do it. His claim is that he could not waive the objection. I think he could. A party can waive his constitutional rights. (*Wall* v. *Beach*, 20 App. Div. 480.) The consent to try the case and the trial without objection, and with the objection waived, gave the court jurisdiction. (*Meyers* v. *American Locomotive Co.*, 201 N. Y. 163.) In *Dulso* v. *Dulso* (170 App. Div. 67) the complaint did not allege facts sufficient to give the court jurisdiction; the trial court held he did not have power to allow an amendment setting up the jurisdictional fact, and dismissed the complaint. The appellate court held the amendment was not necessary because defendant had appeared and answered without objection. The only ground appellant urges as authorizing her to hold the child is that of abandonment. She cannot hold the child for ransom, and does not seek so to do. The abandonment claimed under is only within a year or two. The court at Special Term where this matter was heard, by its order found there was no abandonment of this child.

The writ should be sustained and the order appealed from should be affirmed, with costs.

Order appealed from unanimously affirmed, with costs, and writ sustained.