**Lizzie Plotnitsky, Appellant, v. Max Plotnitsky et al., Appellees.**

**Gen. No. 30,879.**

HUSBAND AND WIFE—*propriety of permitting amendment of bill for separate maintenance to supply omitted allegation as to residence of defendant.* A bill for separate maintenance, defective because of its failure to allege that the defendant is a resident of the

county wherein the suit is filed, may be amended before final decree so as to aver that jurisdictional fact, where the facts alleged by the bill do not affirmatively show that the court is without jurisdiction.

Appeal by plaintiff from the Circuit Court of Cook county; the Hon. JOHN R. CAVERLY, Judge, presiding. Heard in the first division of this court for the first district at the March term, 1926. Reversed and remanded. Opinion filed June 14, 1926.

MAXWELL N. ANDALMAN and SAMPSON ANDALMAN, for appellant.

PINES & NEWMAN, for appellee; ALVIN E. STEIN, of counsel.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

This is an appeal by the complainant in a bill for separate maintenance from a decree which discharged the defendant from a rule to show cause for the nonpayment of alimony and dismissed her bill for want of equity.

The bill was filed originally on May 29, 1925, and alleged that complainant for many years prior thereto had been an actual bona fide resident of Chicago, Cook county, Illinois; that she was married to the defendant, Max Plotnitsky, on December 15, 1919; that she had been a dutiful wife, etc.; that no children were born of the marriage; that since November, 1924, her said husband had refused to support the complainant, although living in the same flat at No. 3143 W. 19th Street, in the said city, county and State; that prior to May 1, 1925, defendant continued to reside in said flat and then ceased to live with complainant, or supply her with the necessities of life or a place to live; that in truth and in fact the defendant had deserted and abandoned the complainant without any cause and that such desertion had taken place through no fault of complainant and through the fault of the defendant, Max Plotnitsky.

On August 21, 1925, the court entered an order allowing complainant to amend the bill upon its face, and it was thereupon amended so as to state "and the defendant hereinafter named, Max Plotnitsky, now lives and resides in the City of Chicago, County and State aforesaid." Defendant was thereupon ruled to plead, answer or demur to the bill within five days.

On August 22, 1925, an order for alimony and solicitor's fees was entered, and on October 5 a rule to show cause for noncompliance with the order was entered.

In response to this rule the defendant answered that "because complainant did not, in the original bill, allege him, the defendant, to be a resident of Cook County, Illinois, this court did not and could not thereafter acquire jurisdiction of the cause, and, therefore, defendant was not obligated to obey the court's order to pay alimony."

Upon the hearing of this matter the chancellor entered a decree providing:

"It is further ordered that the bill of complaint as amended on its face, be, and it hereby is dismissed without prejudice, for want of jurisdiction on the part of this court to entertain it and consequently the rule entered upon the defendant, Max Plotnitsky, to show cause why he should not be punished for contempt of court, be, and it hereby is discharged."

The precise question arising on the record therefore is whether a bill for separate maintenance, brought by a wife who resides in the county where the suit is brought but who fails in her bill to aver that the defendant husband is a resident of the county in which the suit is filed, may be amended before final decree so as to aver that jurisdictional fact.

That such an allegation as to the defendant's residence is jurisdictional was held by this court in *Briney v. Briney,* 223 Ill. App. 119, following *Becklenberg v. Becklenberg,* 232 Ill. 120.

Plotnitsky v. Plotnitsky et al., 241 Ill. App. 166.

In support of the decree, the defendant cites a number of cases following the general rule that where a proceeding is so defective as to be wholly void, an amendment may not be made, as for example, in a suit by attachment where *no affidavit* has been filed as required by statute, *Booth v. Rees,* 26 Ill. 45; or in case of a similar failure to file an affidavit in beginning an action of forcible entry and detainer, *Stolberg v. Ohnmacht,* 50 Ill. 442; or of a failure to file any affidavit as required in proceedings for the levy of a tax, *Illinois Southern R. Co. v. People,* 215 Ill. 123; or in certain actions in the nature of special proceedings under specific statutes as in adoption cases, *Bartholow v. Davies,* 276 Ill. 505; *Keal v. Rhydderck,* 317 Ill. 231; or in certain election contests, *Sugar City v. Board of Com'rs Crowley Co.,* 57 Colo. 432; or in a suit for divorce where the complainant failed to allege a jurisdictional fact with reference to her residence within the State and an attempt was made to set the decree aside more than a year after it had been entered, *Holton v. Holton,* 64 Ore. 290, 129 Pac. 532. All these cases are, we think, easily distinguishable.

It is of course elementary that the right of a wife to proceed by a bill of equity against her husband for separate maintenance was unknown to the common law and that the authority for such a procedure must be found in the statute. Such authority in this State is conferred by an act in relation to married women, approved May 17, 1877, and in force July 1, 1877, as amended by the laws of 1891. This act is in two sections, the first of which, in substance, provides that married women who, without their fault, live separate and apart from their husbands may have their remedy in equity in their own names respectively "against their said husbands in the circuit court of the county where the husband resides, for a reasonable support and maintenance, while they so live or have so lived

separate and apart.'' See chapter 68 of vol. 4, pp. 4120-31 of Callaghan's Illinois Statutes Annotated.

The second section provides that proceedings under the act ''shall be instituted in the county where the husband resides, and process may be served in any county in the State,'' but in case the husband shall abandon the wife without fault on her part and remove to another county in the State then suit may be brought by the wife either in the county where they resided at the time of the abandonment or in the county where the husband resides at the time of the commencement of the suit.

There is no doubt that under the provisions of this statute, as the same have been considered, *Briney v. Briney, supra,* the averment as to the residence of the husband is a jurisdictional fact.

The defendant calls our attention to a fact (upon which he very much relies), namely, that in other statutes, such as the Attachment Act, Mechanic's Liens, etc., there are specific provisions in the statute showing that the pleadings may be amended, while there is no such provision in this statute, and from this omission he asks the court to infer that amendments are not to be allowed.

We are not able to draw this inference: The statute in the first section thereof specifically provides that the remedy is ''in equity,'' and it has been held by this court in *Reifschneider v. Reifschneider,* 144 Ill. App. 119, which was affirmed in 241 Ill. 92, and in *MacKenzie v. MacKenzie,* 141 Ill. App. 126, affirmed in 238 Ill. 616, that the provisions of the statute as to proceedings in chancery are applicable to suits for separate maintenance as to matters not specifically covered by the statute. Section 37 of that act [Cahill's St. ch. 22, ¶ 37; Smith-Hurd Ill. Rev. St. 1925, chap. 22, p. 233] specifically provides that the court may permit parties to amend their bills on such terms as the court may deem proper. That such is the usual

practice in chancery it is unnecessary to cite authorities.

In *Home Ins. Co. of New York v. Nobles*, 63 Fed. 641, where complainant in a bill for an injunction failed to aver the amount of damages was large enough to give the court jurisdiction under the statute, it was held that the bill would not be dismissed for that reason, because it did not affirmatively appear that the court was without jurisdiction.

In *Mix v. Mix*, 1 Johns. Ch. (N. Y.) 204, the complainant filed a bill for divorce charging adultery. Under the New York statutes it was necessary to aver that the adultery was committed in the State of New York, and the bill did not so aver. However, Chancellor Kent said that while strictly the bill should be dismissed, nevertheless, since the objection did not go to the merits, he would give leave to amend.

In *Dulso v. Dulso*, 170 App. Div. 67, 156 N. Y. Supp. 90, complainant in a separate maintenance suit failed to state a statutory jurisdictional fact, namely, that the marriage took place within the State of New York. The defendant having moved to dismiss, the complainant asked leave to amend, which was denied, the trial court saying, "I have not the power to do anything in a case of which I have not jurisdiction." Upon appeal, the Supreme Court of New York said that the trial court had misconceived the purpose of amendment, which was not to create a cause of action, but by proper allegation to show that a cause of action of which the court had jurisdiction really existed. *Mix v. Mix, supra,* and *Henneke v. Schmidt,* 121 App. Div. 516, 106 N. Y. Supp. 138, with many other New York cases, are cited as sustaining the decision of the court, and we do not think that these cases can be distinguished from the one presented by this record.

The proceeding here was not void; it did not affirmatively appear that there was no cause of action. The defect in the bill was simply in a failure to aver

a material jurisdictional fact required by the statute. Had the bill affirmatively stated facts showing that the court where the bill was filed could not acquire jurisdiction, a different question would be presented.

The court erred in dismissing the complainant's bill, and the decree will be reversed and the cause remanded for proceedings consistent with this opinion.

*Reversed and remanded.*

JOHNSTON and McSURELY, JJ., concur.