MARTIN D. EISCHEN, Appellant, v. AUDREY E. EISCHEN, Respondent.

Fourth Department, May 6, 1953.

*John E. Shaffer* for appellant.

*George R. Thurston,* guardian ad litem, for respondent.

*Per Curiam.* The action was for the annulment of a marriage. The complaint alleges that both plaintiff and defendant are residents of the State of New York which, if proved, gave the court jurisdiction of the cause of action. Until there was a failure of proof of residence of both parties, the complaint should not have been dismissed.

Although not alleged in the complaint, plaintiff offered proof that he had always resided in the State of New York, that he married the defendant in Virginia, that they returned to New York State and a few months later defendant returned to her former home in Virginia for a visit, but did not return to plaintiff's home in this State. These facts, if alleged in plaintiff's complaint and proved on the trial, would give the court jurisdiction under subdivision 3 of section 1165-a of the Civil Practice Act.

The trial court was in error in holding that the subdivision requires that plaintiff must reside in this State for one year after the marriage. The language of the statute is clear and permits a plaintiff to bring an action to annul the marriage or for a separation: " 3. Where the parties were married without the state, and either the plaintiff or the defendant is a resident of the state when the action is commenced, and has been a resident thereof for at least one year continuously at any time prior to the commencement of the action."

Nowhere in the statute is there any requirement that the plaintiff's residence in this State must be for a period of one year after he married the defendant, and the court cannot add those words to a statute which is clear and unambiguous. The statute was amended on the recommendation of the Judicial Council " in order to relax the severe and arbitrary restrictions presently imposed upon suits for separation." (Eighth Annual Report of N. Y. Judicial Council, 1942, p. 354.) Nowhere in the

report is there any indication that it was intended to place any further restraint on the jurisdiction of the court in annulment actions. The court should not be concerned with the wisdom of the statute; that is for the Legislature to determine.

If plaintiff is unable to prove that both parties were residents of the State when the action was commenced, we think he should be permitted to amend his complaint to allege the jurisdictional facts in accordance with his offer of proof. (*Dulso* v. *Dulso,* 170 App. Div. 67.) Of course he could not amend to ask for further or different relief than was demanded in the original complaint (*Clapp* v. *McCabe,* 155 N. Y. 525), as the defendant has not appeared personally in the action.

The judgment should be reversed and a new trial granted.

McCURN, J. (concurring). I concur in the result. I disagree, however, with the construction placed upon subdivision 3 of section 1165-a of the Civil Practice Act. Subdivision 3 conferring jurisdiction " Where the parties were married without the state " limits such jurisdiction by two qualifying conditions, viz: (1) " and either the plaintiff or the defendant is a resident of the state when the action is commenced," (2) " and has been a resident thereof for at least one year continuously at any time prior to the commencement of the action." The first condition necessarily must occur after the parties are married and the language used, in my view of it, contemplates that both conditions attach to the plaintiff and defendant in their status as married parties and does not reach back to their premarital place of residence. The section should be read as relating to a period of residence subsequent to the marriage. Jurisdictional requirements are fixed with a view of the State's concern for the marital status of its citizens. It seems quite unlikely that the Legislature ever intended that a residence of one of the parties to the marriage during some period of his or her lifetime prior to the existence of the marital status should suffice as a basis for jurisdiction to annul a subsequent marriage contracted in another State. It is more reasonable to assume that the Legislature had in mind a residence having relation to the period of the marital status.

Prior to its amendment in 1942 subdivision 3 of section 1165-a (formerly § 1146-a; L. 1935, ch. 546) read as follows: " Where the parties were married without the state and either the plaintiff or the defendant is, and has been, a resident of the state one year when the action is commenced."

In 1942 the Judicial Council recommended that the residence requirements in separation actions be relaxed to conform to those in annulment actions and proposed that the present section be enacted to cover both types of actions. The Judicial Council at that time stated:

" In thus conforming the provisions of section 1162, governing separation actions, to the provision of section 1146-a, governing annulment actions, the recommended amendments at the same time correct an ambiguity in subdivision 3 of section 1146-a.

" The present language of that subdivision leaves it uncertain whether the one year's residence required thereunder must immediately precede the commencement of the action or whether such residence at any time in the past is sufficient. This uncertainty has been clarified by codifying the rule set forth with regard to separation actions in the case of *McDonald* v. *McDonald* that a one year's residence at any time prior to the commencement of the action is a sufficient compliance with the law (proposed subdivision 3)." (Eighth Annual Report of N. Y. Judicial Council, 1942, pp. 358, 359.)

In *McDonald* v. *McDonald* (241 App. Div. 457, affd. 265 N. Y. 546), the wife sued the husband for separation. They were married outside of the State in 1929; immediately came to New York and lived together here until July, 1931, when they moved to California. They separated in California in 1932 and the wife returned to New York. The husband upon appeal to the Appellate Division contended that although his wife resided with him in this State for more than a year following the marriage, she was not a resident for more than a year immediately preceding the commencement of the action for separation and therefore could not bring the action under subdivision 3. The court held that the one year's residence requirement need not be for the year immediately preceding the commencement of the action.

Thus the rule set forth in *McDonald* v. *McDonald* (*supra*) had application only to residence after the marriage. Consequently the recommendation of the Judicial Council " codifying the rule set forth with regard to separation actions in the case of *McDonald* v. *McDonald* " contemplates a one-year residence at any time following the marriage and prior to the commencement of the action. The Legislature enacted verbatim the statute as recommended by the Judicial Council.

All concur, McCurn, J., in result, in a separate opinion. Present — Taylor, P. J., McCurn, Vaughan, Kimball and Piper, JJ.

Judgment (designated "final order" in the notice of appeal) reversed on the law and a new trial granted, without costs of this appeal to either party.