John L. Flynn, J.
This is a motion to confirm the report of Special Referee David M. Potts, Esquire, whose opinion therein follows:
“ The legal question posed by defendant’s motion relates to subdivision 3 of section 1165-a of the Civil Practice Act as to whether the residence requirement of ‘ at least one year continuously at any time prior to the commencement of the action ’ relates only to a continuous one year period subsequent to the marriage.
“ At the time of McDonald v. McDonald (241 App. Div. 457 [First Dept., 1934], affd. 265 N. Y. 546) subdivision 3 of section 1162 of the Civil Practice Act then in effect, read as follows: ‘ 3. Where the parties, having been married without the state, have become residents of the state, and have continued to be residents thereof at least one year; and the plaintiff is such a resident when the action is commenced. ’
“ In McDonald v. McDonald (supra) the parties, although married outside New York State, had resided for one year sub *777 sequent to the marriage in New York State. By reason of a later residence in California the plaintiff, although a resident of the State of New York at the time of the commencement of the action for separation, had not been such resident of the State of New York for one year continuously immediately prior to the commencement of the action. It was there held that the prior residence in New York of more than one year met the requirement of former section 1162 of the Civil Practice Act of at least one year’s residence prior to the commencement of the action.
“ In 1942 former sections 1162 and 1146-A of the Civil Practice Act were combined in a single new section, section 1165-a, reading as hereinabove set forth.
11 It seems quite clear under former section 1162 of the Civil Practice Act and McDonald v. McDonald {supra), that the one-year residence requirement related to a period subsequent to marriage, because that section related to a situation where the parties, having been married outside the State, have become residents of the State for at least one year.
‘ ‘ Defendant contends that McDonald v. McDonald (supra) merely decided that in that case the one year’s residence in New York subsequent to marriage met the requirements of the statute, and that it does not stand for the proposition that such period of residence prior to marriage only would meet the requirements of the present statute. Defendant further contends that a reasonable construction of section 1165-a of the Civil Practice Act requires a holding that the one year residence requirement relates to a period subsequent to the marriage.
“ While that precise factual situation seems not to have been passed upon by the Court of Appeals, it was dealt with by the Appellate Division, Fourth Department [1953] in Eischen v. Eischen (281 App. Div. 591). In that case, as here, plaintiff prior to marriage had always resided in New York. The marriage took place outside New York. In the Eischen case the parties returned to New York and a few months later defendant returned to her former home in Virginia for a visit and did not return to New York. The court stated that evidence, if proved, would give the court jurisdiction under subdivision 3 of section 1165-a of the Civil Practice Act, and that the trial court was in error in holding that' the subdivision requires that plaintiff must reside in this State for one year after the marriage; that nowhere in the statute is there any requirement that plaintiff’s residence in this State must be for a period of one year after the marriage, and that the court cannot add those words to a statute which is clear and unambiguous. The court stated *778 further that the statute had been amended on the recommendation of the Judicial Council in order to relax the severe and arbitrary restrictions presently imposed upon suits for separation and that nowhere in the report is there any indication that it was intended to place any further restraint on the jurisdiction of the court. (See Eighth Annual Report of N. Y. Judicial Council, 1942, p. 354.)
“ In the Eischen case there is an opinion by Mr. Justice McCmtn concurring in the result but disagreeing with the construction placed upon subdivision 3 of section 1165-a of the Civil Practice Act. Mr. Justice MoCubit took the position that the one year residence provision required such residence to be after marriage.
“ It should be noted that while the former section referred to a joint residence, i.e., cases ‘ (w)here the parties * * * have continued to be residents thereof [New York] at least one year,’ from which it might be concluded that the residence period necessarily had to be subsequent to marriage, the present section covers a residence of one year of either party, i.e., where the plaintiff or defendant ‘ has been a resident thereof [New York] for at least one year continuously at any any time prior to the commencement of the action. ’
“If it had been the intention of the Legislature to restrict such residence requirement to a period subsequent to the marriage, it could easily have done so by appropriate language. As it stands, the statute reads ‘ at any time prior to the commencement of the action ’ and it would seem that if a change were to be made, it is for the Legislature to do so. Eischen v. Eischen (supra) was decided by the Appellate Division in 1953. The Legislature in subsequent sessions has not seen fit to amend the section to limit the full effect given to it by the holding in the Eischen case.
“In Cruickshcmk v. Cruickshcmk (193 Misc. 366), an action to annul a California marriage, plaintiff husband was a resident of New York for more than a year prior to the marriage and was such a resident at the time of the commencement of the action, but a year'had not elapsed subsequent to the marriage when the action was commenced. The court assumed jurisdiction.
“It is my opinion that this court has jurisdiction over the parties to and the subject matter of this action.” The motion is in all respects granted.
Settle order.