## Anna B. Briney, Defendant in Error, v. William F. Briney, Plaintiff in Error.

### Gen. No. 26,678.

1. HUSBAND AND WIFE—*when bill in suit for separate maintenance is fatally defective.* Under chapter 68, sec. 22, of the statute on separate maintenance (Cahill's Ill. St. ch. 68, ¶ 22), providing that married women living apart from their husbands may have their remedy in equity against their husbands in the circuit court of the county where the husband resides, for reasonable support and maintenance, and that in determining the amount to be allowed, the court shall have reference to the condition of the parties in life at the place of residence of the husband, and the circumstances of the respective cases, the bill in question was fatally defective in failing to allege the jurisdictional fact of residence of the husband in Cook county, and the point was properly raised for the first time on appeal.

2. APPEAL AND ERROR—*right to raise jurisdictional question for first time on appeal or writ of error.* A jurisdictional question cannot be waived by the failure to present it in the *nisi prius* court, but it may be raised for the first time on appeal or writ of error.

3. HUSBAND AND WIFE—*necessity of preservation of evidence in suit for separate maintenance.* The allowance of alimony in the separate maintenance proceeding in question should have been supported by a preservation of the evidence either by a certificate of evidence or by a recital of facts in the decree, so that it might appear that the requirements of chapter 68, sec. 22, of the act on separate maintenance (Cahill's Ill. St. ch. 68, ¶ 22) had been followed.

Error to the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1921. Reversed and remanded. Opinion filed December 19, 1921.

THOMAS J. HOLMES, for plaintiff in error.

CHARLES E. ERBSTEIN, for defendant in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

By this writ of error defendant seeks the reversal of a decree in a suit for separate maintenance. The decree found that the complainant was living separate and apart from defendant, her husband, without any fault on her part; it also found that she was entitled to an allowance of $100 a month and also $50 for solicitor's fees. No bill of exceptions is in the record.

Defendant cites the statute on separate maintenance, Hurd's Rev. St. ch. 68, sec. 22 (Cahill's Ill. St. ch. 68, ¶ 22), which is as follows:

"That married women, who, without their fault, now live or hereafter may live, separate and apart from their husbands, may have their remedy in equity in their own names, respectively, against their said husbands *in the circuit court of the county where the husband resides,* for a reasonable support and maintenance, while they so live or have lived separate and apart; and in determining the amount to be allowed the court shall have reference to the *condition of the parties in life at the place of residence of the husband, and the circumstances of the respective cases;* and the court may grant allowance to enable the wife to prose-

cute her suit as in cases of divorce.'' (Italics ours.)

Complainant's bill was filed in the circuit court of Cook county, but defendant asserts that neither in the bill is it alleged, nor does the decree find, that defendant was a resident of Cook county; that this fact is jurisdictional and hence the decree must be reversed.

It is also said that the allowance for separate maintenance should be fixed by the court with reference ''to the conditions of the parties in life at the place of residence of the husband, and the circumstances of the respective cases.'' The decree fails to show that these conditions were considered by the court, or that any evidence was presented with reference thereto.

The first objection must be considered as valid upon the opinion in *Becklenberg v. Becklenberg*, 232 Ill. 120, where it was held that such an objection questions the jurisdiction of the court of the subject-matter, which cannot be waived by failing to present it in the *nisi prius* court, but may be raised for the first time on appeal on a writ of error, and that therefore when made it must be considered fatal to the decree.

We are also of the opinion that complainant, in order to support the allowance, should have preserved the evidence thereon by a certificate of evidence or by a recital of fact in the decree, that it might appear the requirements of the statute had been followed.

The judgment of the circuit court is therefore reversed and the cause remanded for further proceedings.

*Reversed and remanded.*

DEVER, P. J., and MATCHETT, J., concur.