**Carrie Cook Horix, Appellee, v. Carl Horix, Appellant.**

Opinion filed February 12, 1930. Rehearing denied March 17, 1930.

KRAMER, KRAMER & CAMPBELL and WETTEN, PEGLER & DALE, for appellant.

C. A. HOUTS and D. E. KEEFE, for appellee; KEEFE, BANDY & LISTEMAN, of counsel.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

On October 1, 1928, appellee filed her bill for divorce in which she averred that she was then an actual resident of St. Clair county, Illinois. When she testified on the hearing she said she was then living at the Broadview Hotel in East St. Louis; that her attorney advised her that it would be necessary for her to be a resident of St. Clair county before she could file her suit; that she made reservations at the Broadview Hotel in the middle of September but did not get there until the first of October; that she was never at that hotel before October 1, 1928; that she came to that hotel for the purpose of securing a divorce; that when she separated from her husband they were living in Chicago and that she has not had a definite home since that time.

The manager of the Broadview Hotel testified that appellee did not register until October 9, 1928, at which time she was assigned a room. There is no evidence that she was an actual resident of St. Clair county at the time she filed her bill.

Cahill's Illinois St. ch. 40, ¶ 6, provides that divorce proceedings shall be had in the county where the complainant resides. Appellee having failed to prove that at the time of the filing of her bill she was a resident of St. Clair county, the decree granting her a divorce must be reversed.

*Reversed.*