(No. 26970.—)

RALPH DEAN, Appellee, *vs.* JESSIE A. DEAN, Appellant.

*Opinion filed January 19, 1943.*

COHON & GOLDSTEIN, for appellant.

Mr. JUSTICE MURPHY delivered the opinion of the court:

The decree appealed from, entered in the superior court of Cook county, granted plaintiff-appellee, Ralph D. Dean, a divorce from defendant-appellant, Jessie A. Dean. It also directed appellant to convey to appellee the title to a tract of land located in Jefferson county. A freehold being involved this court has jurisdiction on direct appeal.

It was alleged in the complaint that appellee was a resident of Cook county and has been for more than a year. Appellant's answer neither admitted nor denied this allegation but prayed strict proof. The only evidence as to appellee's residence is his own testimony that he resided in Harrisburg, Illinois, and had resided in the State twenty-five years prior to the filing of the complaint.

It is urged that under the pleadings it was incumbent upon appellee to support the allegations in the complaint, in reference to residence, by competent proof, and since he failed in that regard the decree must fail for it has

no jurisdictional facts to support it. Appellee has not filed any brief in this court.

The pertinent part of section 5 (Ill. Rev. Stat. 1941, chap. 40, par. 6,) provides: "The proceedings shall be had in the county where the plaintiff resides, but process may be directed to any county in the State; * * *."

The allegations of the complaint in reference to residence were sufficient to show that the court where the complaint was filed had jurisdiction. The answer did not admit such allegation but left the averment to be sustained by proof. The proof does not sustain the allegation and although there was a lapse of time between the filing of the complaint and the taking of the evidence, there is nothing in the evidence which tends to support the allegation that appellee was a resident of Cook county at the time of filing of the complaint. The statute is specific in directing that the proceedings shall be had in the county where the plaintiff resides. It makes the residence of the plaintiff in the county where the suit is to be filed a prerequisite to the existence of the right to file a complaint. *Way* v. *Way,* 64 Ill. 406; *Horix* v. *Horix,* 256 Ill. App. 436; *In re Estate of Goldberg,* 288 id. 203.

Under the evidence, the superior court of Cook county had no jurisdiction to proceed in the matter where the proof developed that the plaintiff resided at Harrisburg. The decree found that appellee was a resident of Cook county at the time of filing the complaint, but the evidence does not support such finding and for that reason the decree can not be sustained. The requirement of residence of the appellee in the county where the suit was brought was a jurisdictional matter and since the court was without jurisdiction to proceed in the divorce matter, it was also without jurisdiction to enter a decree directing the divestment of appellant's title.

Other errors are urged but under the views expressed it is not necessary to consider them. For the reasons stated, the decree is reversed.

*Decree reversed.*