**Ruth G. O'Laughlin, Appellee, v. James H. O'Laughlin, Appellant.**

### Gen. No. 46,426.

First District, Third Division.

February 2, 1955.

Released for publication February 25, 1955.

Maurice L. Marcus, of Chicago, for appellant; Stephen J. Sullivan, of Chicago, of counsel.

Hinshaw, Culbertson, Moelmann & Hoban, of Chicago, for appellee; Oswell G. Treadway, of Chicago, of counsel.

MR. JUSTICE LEWE delivered the opinion of the court.

Defendant appeals from a separate maintenance decree entered in favor of the plaintiff.

The complaint filed September 1952 alleges that the plaintiff "is now and has been for more than one year last past immediately preceding the filing of this complaint an actual resident of River Forest in Cook County, Illinois"; that the parties were married on June 9, 1945 at Glenview, Illinois; that two children were born of the marriage; and that on August 8, 1952 the defendant without justification absented himself from plaintiff and has since that date lived sepa-

rate and apart from the plaintiff without fault on her part.

The decree finds that the defendant resides in Oak Park, Illinois, and that they lived and cohabited together until August 8, 1952, and that defendant without provocation absented himself from plaintiff on August 8, 1952 wholly without fault on the part of plaintiff. It further provides that the defendant shall pay plaintiff $150 monthly and the additional sum of $250 monthly for the support of the children; that the home of the parties at River Forest, Illinois, shall be for the sole use and occupancy of the plaintiff and the children; that the defendant shall pay to the plaintiff all expenses for the proper maintenance of the home including taxes, insurance and interest on any mortgage outstanding against it; that the defendant pay onehalf of the principal payments on the mortgage or notes on the home; and that the defendant pay $300 as attorney's fees, and costs, court reporter and witness fees.

Defendant contends that the omission of an allegation of the residence of the defendant in the complaint is fatal to the proceedings. In determining jurisdiction the court will examine the entire record before it. (Russell v. Russell, 329 Ill. App. 580.) In the instant case the decree found that the defendant resides at Oak Park, Illinois, and at the hearing the defendant testified that he was a resident of Oak Park. In his answer filed on November 1952 defendant admitted that plaintiff is now and has been for more than a year immediately preceding the filing of the complaint a resident of River Forest, Cook county, Illinois. We think that the only inference that can be drawn from this admission is that at the time defendant deserted the plaintiff he was a resident of Cook county.

In support of his contention defendant relies on Becklenberg v. Becklenberg, 232 Ill. 120; Briney v. Briney, 223 Ill. App. 119; and Plotnitsky v. Plotnitsky

et al., 241 Ill. App. 166. We do not find these cases help-
ful. The Becklenberg case involves a divorce decree.
No certificate of evidence was taken. The answer filed
in that case contained no reference to residence in the
county, nor was there any finding in the decree with
reference to residence. In the Briney case, a separate
maintenance proceeding, it appears there was no bill
of exceptions in the record, nor does it appear that the
defendant filed an appearance and answer. Further,
there was no finding that the defendant was a resident
of Cook county. In the Plotnitsky case the principal
question was whether the complaint could be amended
before final decree by alleging residence in the county
where the suit was brought. In that case there was no
evidence heard or findings made. In Wilson Bros. v.
Haege, 347 Ill. 140, it was contended that the filing of
an affidavit in a replevin suit as provided by the stat-
ute as a jurisdictional matter cannot be waived. The
court said, at page 143:

"When appellant entered his appearance in the cause
and filed his pleas to appellee's declaration he thereby
gave the court jurisdiction of his person and consented
to the jurisdiction of the court in the matter of the
particular case. The court having jurisdiction of the
subject matter of the general class to which this case
belonged, jurisdiction of the persons of the parties to
the cause and jurisdiction of the matter of this par-
ticular case, had jurisdiction—i. e., the right and power
to hear and determine the particular case. While lack
of jurisdiction of the court as to the subject matter
cannot be waived, yet the method by which jurisdic-
tion of a particular case within the general class of
cases is obtained, and any differences or irregularities
in respect thereto, may be waived, and is waived un-
less reasonable objection is made in accordance with
the established practice."

██ ██ In United Biscuit Co. v. Voss Truck Lines,
407 Ill. 488, the court held that the requirements with

respect to the place the defendant may be sued do not go to the jurisdiction of the subject matter. The defendant may insist on proper venue, or he may waive it. To the same effect see Dever v. Bowers, 341 Ill. App. 444.

The defendant does not claim in this court that he is not a resident of Cook county, nor did he make that contention in the trial court. But assuming that defendant was not a resident of Cook county when the present suit was instituted, in that event had the point been raised in apt time in the trial court, that court upon motion of either party could have changed the venue of the suit and transferred the cause to the proper county in accordance with chapter 146, section 36, Illinois Revised Statutes, 1951 [Jones Ill. Stats. Ann. 107.353], State Bar Edition. See Central Illinois Public Service Co. v. Industrial Commission, 293 Ill. 62, 127 N. E. 80. Instead, the defendant joined issue and litigated the matter on the merits. Under the circumstances shown by the record defendant waived his right to question the jurisdiction of the court.

Defendant insists that the complaint does not show and the evidence does not prove that the plaintiff was living separate and apart from her husband without her fault. The fourth paragraph of the complaint alleges in clear language that the defendant has since August 8, 1952 lived separate and apart from the plaintiff without fault on her part. Moreover, the record shows that the defendant stipulated that he absented himself from the "marital home" and that the separation was without fault on the part of the plaintiff.

Finally defendant complains that the payments and other conditions provided in the decree of separate maintenance to be performed by the defendant are excessive. The evidence shows that the plaintiff aged forty-five years is able-bodied; that while the parties were living together he gave plaintiff about $6,000

annually; that he formed a partnership and was engaged in the business of hauling coal; and that about the time he deserted plaintiff he dissolved the partnership and received his proportionate share of the proceeds of the sale. It is undisputed that defendant is receiving $1,930 annually from a trust fund and approximately $4,000 annually in dividends from the O'Laughlin Company; and that his net worth is about $90,000. In January 1953 defendant sold property which he owned in the City of Aurora for $35,000 and that of that sum he paid $22,000 to his mother and placed a part of the remainder in escrow.

Since abandoning plaintiff defendant has not engaged in any gainful employment. He has traveled abroad and made trips to Mexico and distant places in the United States. Defendant said that "he will work if he can find something that will not jeopardize his equity." There is also evidence that plaintiff is suffering from arthritis and spends $40 monthly for medical services to obtain relief from her affliction. She is one of four beneficiaries of a trust created by the will of her mother. The trust properties are heavily burdened with mortgages so that no income therefrom can be distributed to the beneficiaries. No income from the trust has been received by plaintiff. Plaintiff relies solely for her maintenance and support and that of her children on the payments made to her under the provisions of the separate maintenance decree. We think that the provisions of the decree with respect to payments and other conditions complained of are fair and equitable and warranted by the evidence.

For the reasons stated the decree is affirmed.

Decree affirmed.

KILEY, P. J. and FEINBERG, J., concur.