(No. 36755.—

The People ex rel. Eugene Bradley, Petitioner, vs. Robert E. McAuliffe, Judge of the Village Court of Maywood, Respondent.

*Opinion filed January 23, 1962.*

R. W. Harris, of Marion, (Fitzpatrick, Postilion,

ZEGIEL & HEINEMANN, PETER FITZPATRICK, and MICHAEL H. POSTILION, of counsel,) for petitioner.

KITSOS AND KITSOS, of Chicago, (NICHOLAS T. KITSOS and HERMES C. KITSOS, of counsel,) for respondent.

Mr. CHIEF JUSTICE HERSHEY delivered the opinion of the court:

Petitioner, Eugene Bradley, by leave of court, filed a petition for *mandamus* to compel the judge of the village court of Maywood to expunge from the records of that court a certain order purporting to vacate a decree of the circuit court of Williamson County and also to require said judge to dismiss a certain divorce proceeding now pending in the village court of Maywood. Respondent has filed a motion to dismiss the petition for *mandamus*.

The essential facts, as disclosed by the pleadings, are as follows: Eugene Bradley, the present petitioner, filed a *praecipe* for divorce in the circuit court of Williamson County on August 24, 1960. Summons was issued by the clerk of the circuit court of Williamson County and was personally served upon the wife, Linda Bradley, on September 10, 1960, by the sheriff of Cook County. On November 14, 1960, in the same action, Eugene Bradley filed a complaint for divorce, alleging that he was a resident of Williamson County and had resided in the State of Illinois for more than one year preceding the filing of his *praecipe,* and also alleging grounds for divorce and asking custody of their minor child.

Linda Bradley filed no answer and entered no appearance in the circuit court of Williamson County. After hearing testimony in support of the allegations of the complaint, the circuit court of Williamson County entered a decree on December 20, 1960, granting a divorce and awarding the custody of the child to Eugene Bradley. The decree specifically found the residence of Eugene Bradley to be in Williamson County.

Meanwhile, on December 7, 1960, after the service of summons and the filing of the complaint in the Williamson County case, but before the hearing and decree, Linda Bradley filed a *praecipe* for divorce in the village court of Maywood. Thereafter, in the same court, she filed a petition asking the village court to declare the divorce decree entered by the circuit court of Williamson County void. In this petition she alleged that Eugene Bradley was a resident of Cook County and that the Williamson County decree was the result of perjured testimony.

On December 23, 1960, Eugene Bradley, who had been personally served with process on December 9, appeared in the proceeding in the village court of Maywood and moved to dismiss the cause on the ground that the parties had been divorced by decree of the circuit court of Williamson County and that the cause of action was barred by the decree. In support of this motion, he filed a certified copy of the decree of the circuit court of Williamson County. On February 2, 1961, the village court of Maywood denied the motion to dismiss. Thereupon, Eugene Bradley filed an answer to Linda Bradley's petition to vacate and set aside the decree of the circuit court of Williamson County, alleging that he was at all times a resident of Williamson County. On March 16, 1961, Eugene Bradley moved in the village court of Maywood for the entry of a summary judgment in his favor for the reason that the circuit court of Williamson county had entered a decree specifically finding that he was a resident of Williamson County, and furnishing affidavits in support of his motion. Linda Bradley filed a counteraffidavit, alleging that Eugene Bradley was a resident of Cook County. The court heard evidence on the question of Eugene Bradley's residence and refused to dismiss Linda Bradley's petition or to enter a summary judgment. Instead, on July 28, 1961, the court entered an order vacating and setting aside the decree of the circuit court of Williamson County and granting Linda Bradley leave to file

a complaint for divorce. On the same day, July 28, 1961, Eugene Bradley also moved the village court to expunge the order entered on February 2, 1961, denying his motion to dismiss, and to enter in lieu thereof an order dismissing the action pending in the village court of Maywood. The court denied this motion, and entered the order previously referred to, which, by its terms, vacates and sets aside the decree of the circuit court of Williamson County. Thereupon relator commenced this original proceeding for *mandamus* in this court.

The extraordinary writ of *mandamus* is not issued as a matter of right, but only in the sound discretion of this court. (*People ex rel. Norwegian-American Hospital, Inc.* v. *Sandusky,* 21 Ill.2d 296, 299-300.) It has been recognized as an appropriate remedy to correct a ruling made by a court which has erroneously assumed jurisdiction it did not possess. (*People ex rel. Woll* v. *Graber,* 394 Ill. 362; *People ex rel. Benefit Association of Railway Employees* v. *Miner,* 387 Ill. 393; *People ex rel. Courtney* v. *Thompson,* 358 Ill. 81, 92.) Specifically, *mandamus* has been used to purge a trial court's records of a void order which deprived a petitioner of rights under a judgment. (*People ex rel. Waber* v. *Wells,* 255 Ill. 450.) On the other hand this extraordinary writ is not to be regarded as a substitute for the ordinary channels of appeal and writ of error, and will not generally lie to correct mere judicial error in matters that the trial court had jurisdiction to decide, or to control the exercise of judicial discretion. *People ex rel. Barrett* v. *Shurtleff,* 353 Ill. 248; *People ex rel. Hoagland* v. *Streeper,* 12 Ill.2d 204.

Regardless of the question of whether the village court of Maywood was required to recognize the Williamson County decree as a bar to the divorce action, it is obvious that the Maywood court was without jurisdiction to vacate and set aside the decree of the circuit court of Williamson County. It is clear, therefore, that in purporting to vacate

and set aside the Williamson County decree, the respondent acted beyond his jurisdiction, and that leave to file the petition for *mandamus* should be allowed and a writ of *mandamus* issued directing respondent to expunge at least that part of the order which purports to vacate and set aside the decree of the Williamson County circuit court.

The petitioner, however, asks us to do more than direct the village judge to expunge the order purporting to vacate the Williamson County decree. It asks also that we require him to dismiss the divorce proceedings now pending in his court. The question of whether this aspect of the petition presents a proper case for *mandamus* poses a somewhat more difficult problem. While respondent had no jurisdiction to vacate the order of the circuit court of Williamson County, he did have jurisdiction to rule upon the motion to dismiss the divorce proceeding in his own court. He was, in fact, required to rule upon it, and did so rule by denying the motion to dismiss. Thus it could be argued that, even if he made the wrong ruling, he did no more than commit error in exercise of his jurisdiction and did not act beyond his jurisdiction.

In this regard, the present case is closely analogous to the situation presented in *People ex rel. Norwegian-American Hospital* v. *Sandusky,* 21 Ill.2d 296, where the judge of a town court denied a motion to transfer the cause to the circuit court under section 8 of the Civil Practice Act, and a writ of *mandamus* was sought to compel the transfer. As here, the judge had jurisdiction to act upon the motion. Under the unquestioned facts and circumstances of that case, however, we held that he had no discretion but to allow the motion, and we, therefore, awarded a writ of *mandamus* directing the transfer to the circuit court.

The undisputed facts with respect to the proceeding in Williamson County are that the defendant wife was personally served with summons but did not appear, that the complaint filed alleged that the plaintiff husband was a resi-

dent of Williamson County, and that the decree of the circuit court specifically found that the plaintiff husband was a resident of Williamson County.

It is respondent's contention that the requirement of section 5 of the Divorce Act (Ill. Rev. Stat. 1959, chap. 40, par. 6) is jurisdictional, that the village court in Maywood was not bound by the findings of the Williamson County decree as to the residence of the plaintiff therein, but could consider evidence *dehors* the record to determine whether or not the husband was, in fact, a *bona fide* resident of Williamson County, that the husband was not in fact a resident of Williamson County, and that the decree of the circuit court is, therefore, void, and that respondent properly denied the motion to dismiss the wife's divorce suit pending in the village court of Maywood. Relator contends that the provision of the Divorce Act requiring residence in the county relates to venue rather than jurisdiction. He contends, further, that, even if the requirement be regarded as jurisdictional, the question of jurisdiction, on collateral attack, is to be determined solely by reference to the record proper of the Williamson County proceeding, and that respondent was without authority to make an independent determination of the question of whether the husband was in fact a resident of Williamson County.

Prior decisions require us to reject relator's contention that section 5 of the Divorce Act relates solely to venue and does not impose any jurisdictional requirement. Although early decisions of this court held that the requirement of plaintiff's residence in the county in which suit is brought could be waived, thus supporting the contention that the section relates to venue and not jurisdiction. (*Peeples* v. *Peeples,* 19 Ill. 269; *Parker* v. *Parker,* 61 Ill. 369), these earlier decisions were expressly repudiated in *Becklenberg* v. *Becklenberg,* 232 Ill. 120, and it has been thereafter consistently held that the question is not waived by failure to make objection in the trial court but may be

raised for the first time on appeal. (*Dean* v. *Dean,* 381 Ill. 514; *Horix* v. *Horix,* 256 Ill. App. 436.) Thus, the requirement is certainly not the ordinary venue statute but relates to jurisdiction.

The question, therefore, does not turn upon a determination of whether the requirement of residence in the county relates to venue or jurisdiction. It is rather the extent to which the jurisdiction of one court of this State may be inquired into by another court on collateral attack. In *Steffens* v. *Steffens,* 408 Ill. 150, 153, we said: "This court has announced in many cases that in case of a collateral attack on a judgment or decree all presumptions are in favor of the validity of the judgment or decree attacked, and want of jurisdiction to enter the same must appear on the face of the record to furnish the basis for such attack. *Prewitt* v. *Prewitt,* 397 Ill. 178; *Parsons* v. *Lurie,* 400 Ill. 498; *Cullen* v. *Stevens,* 389 Ill. 35."

In this case lack of jurisdiction does not appear on the face of the record of the circuit court of Williamson County. On the contrary, the record of that court affirmatively recites facts showing that that court had jurisdiction. The village court of Maywood, on collateral attack of the Williamson County decree, was bound by the record of the circuit court and had no authority to go behind the record to make its independent determination of whether or not the circuit court had jurisdiction. Under the undisputed circumstances of this case, the village judge, when confronted with the decree of the Williamson County circuit court, had no discretion but to dismiss the wife's divorce suit then pending before him and was without authority to proceed. We conclude, therefore that the writ of *mandamus* should be allowed.

We do not express any opinion on the merits of the evidence pertaining to Eugene Bradley's residence that was considered by respondent. In our view, this evidence should not have been considered by respondent and it would like-

wise be improper for us to consider it. Neither do we express any opinion as to the proper disposition to be made by the circuit court of Williamson County in the event a petition should be filed under section 72 of the Civil Practice Act to obtain relief from the decree heretofore entered by that court.

We, therefore, deny respondent's motion to dismiss the petition. We conclude that a writ of *mandamus* should issue directing the respondent, as judge of the village court of Maywood, to vacate the order purporting to vacate and set aside the decree of the circuit court of Williamson County, and to dismiss the divorce proceeding, Linda Bradley v. Eugene Bradley, now pending before him.

*Writ awarded.*