LaSalle National Bank, as Conservator of the Estate of Jeane Strotz, a/k/a Jeane M. Strotz, Incompetent, Plaintiff-Appellant, v. Robert H. Strotz, Defendant-Appellee.

Gen. No. 52,184.

First District.

August 21, 1968.

Ira D. Schultz and Gilbert T. Graham, of Chicago, for appellant.

Morris L. Simons, of Chicago, for appellee.

MORAN, J.

The plaintiff, as Conservator of the estate of Jeane Strotz, incompetent, filed a complaint for separate maintenance in Cook County against Robert Strotz, defendant. The complaint alleged that the parties resided in Cook County; that on August 18, 1960, the wife was adjudged an incompetent by the Circuit Court of Cook County and pursuant to the order she was taken from the Psychopathic Ward of Cook County Hospital and committed to the Illinois State Psychopathic Institute in Cook Coun-

ty, and that on March 3, 1961, she was removed to the Elgin State Hospital for the mentally ill located in Kane County. It was further alleged that on March 27, 1961, the defendant filed a complaint for divorce in the Circuit Court of Kane County; that said complaint alleged that the wife was a resident of Kane County, and that since neither of the parties was a resident of Kane County, the Circuit Court of said county was without jurisdiction of the parties and that therefore the decree granting the divorce in Kane County was void. The complaint in the present action further alleged that the incompetent's property was taken from her by the allegedly void decree and that defendant should be ordered to pay reasonable sums for her support and maintenance.

The defendant moved that the court dismiss the complaint for the reason that the marital status of the parties had heretofore been determined and that the court is being asked to review the judicial action of the Circuit Court of Kane County. The Circuit Court of Cook County dismissed the complaint and this appeal followed.

The sole issue is the extent to which the jurisdiction of the Circuit Court of Kane County may be inquired into by the Circuit Court of Cook County on collateral attack.

Appellant contends that section 5, Ill Rev Stats (1961) c 40, par 6, requiring divorce actions to be filed in the county where either the plaintiff or defendant resides is jurisdictional and since neither the plaintiff nor the defendant was ever a resident of Kane County, the decree for divorce is null and void and subject to collateral attack by proof of facts contradicting the record.

Defendant contends that since the divorce decree was proper on its face, it cannot be declared null and void by the Circuit Court of Cook County and relief must be sought in the Circuit Court where the decree was rendered.

426

In People ex rel. Bradley v. McAuliffe, 24 Ill2d 75, 179 NE2d 616, the petitioner, by leave of court, filed a petition for mandamus to compel the Village Court of Maywood to expunge from the records of that court an order purporting to vacate a divorce decree of the Circuit Court of Williamson County and also to require the judge to dismiss a divorce proceeding filed in that court by the respondent. That court had entered an order holding a divorce decree of the Circuit Court of Williamson County void on the ground that neither plaintiff nor defendant resided in that county.

The respondent contended that the requirements of section 5 of the Divorce Act (Ill Rev Stats 1959, c 40, par 6) were jurisdictional and that the Village Court of Maywood was not bound by the findings of the Williamson County decree as to the residence of the plaintiff, but could consider evidence dehors the record to determine whether or not the husband was, in fact, a bona fide resident of Williamson County at the time the divorce suit was instituted.

The Supreme Court held that the residence requirements of the Divorce Act were jurisdictional but since lack of jurisdiction did not appear on the face of the record, "the Village Court of Maywood, on collateral attack of the Williamson County decree, was bound by the record of the Circuit Court of Williamson County and had no authority to go behind the record to make its independent determination of whether or not the Circuit Court of Williamson County had jurisdiction.

"The question, therefore, does not turn upon a determination of whether the requirement of residence in the county relates to venue or jurisdiction. It is rather the extent to which the jurisdiction of one court of this State may be inquired into by another court on collateral attack." Ibid. 81.

The appellant argues that the complaint set forth facts which, if admitted, conclusively disclose that the Circuit Court of Kane County never had jurisdiction to enter the decree for divorce. In People ex rel. Lehman v. Lehman, 34 Ill2d 286 at 292, 215 NE2d 806, the court said: "On the face of the record of Cook County action, which was attached to the motion to dismiss the habeas corpus action, there was no jurisdictional defect. The orderly administration of justice does not permit one court of this state to ignore an action pending in another court of this state. The result which the father sought could have been achieved as well in the Cook County action." The decree in the present case, which was regular on its face, was attached to and made a part of the complaint. Therefore, in our opinion, it comes within the prohibition of the Lehman and Bradley cases, supra.

There is no contention in this court that lack of jurisdiction appears on the face of the record of the Circuit Court of Kane County. We do not express an opinion as to the proper disposition to be made by the Circuit Court of Kane County in the event a petition should be filed under section 72 of the Civil Practice Act to obtain relief from the decree heretofore entered by that court.

Accordingly the judgment of the Circuit Court of Cook County allowing defendant's motion to dismiss is affirmed.

Judgment affirmed.

EBERSPACHER and GOLDENHERSH, JJ., concur.