2 Ill. App.3d 722 (1971)
277 N.E.2d 729
SANDRA LEE CHRASTKA, Plaintiff-Appellant,
v.
NORMAN ROBERT CHRASTKA, Defendant-Appellee.
No. 71-28.
Illinois Appellate Court  Second District.
December 28, 1971.
*723 *724 Anna D. Marek, of Ontarioville, for appellant.
Thomas O. Flack, and Jay M. David, both of Chicago, for appellee.
Reversed and remanded.
Mr. JUSTICE GUILD delivered the opinion of the court:
Plaintiff appeals from an order dismissing with prejudice and at plaintiff's costs her complaint amended from alternative counts for divorce and separate maintenance to a single count of separate maintenance. The dismissal order contains a finding the trial court had no jurisdiction of the subject matter for want of proper venue.
The complaint alleges plaintiff was a resident of the State of Illinois for more than one year immediately preceding filing, but is silent as to county where either party resided, where their marital home was located, or where plaintiff's abandonment occurred. The allegations continue that the parties were married in Oak Park, Cook County, Illinois, have two sons 11 and 9 years of age, and are joint obligers on a contract to purchase real estate in Cook County. The divorce counts are grounded on adultery and mental cruelty. It is alleged that defendant left the marital home to reside with another woman about a month and a half before the complaint was filed.
Plaintiff filed her complaint in Mc Henry County on February 26, 1970. On March 23, 1970, the defendant voluntarily filed his appearance and answer. Summons was not served on the defendant. On April 1, 1970, by stipulation, an agreed order was entered for temporary custody, temporary support and alimony in the sum of eighty dollars per week, and visitation by the defendant.
 1 On the day set for trial, plaintiff obtained leave to file an amended complaint containing only a single count for separate maintenance, again without allegation as to county. Defendant responded with a petition to dismiss on the ground the court had no jurisdiction over the matter, alleging "he never has been and is not now a resident of that (Mc Henry) County nor is plaintiff a resident of that (Mc Henry) County, both plaintiff and defendant being residents of County of Cook, State of Illinois, and prior to that the county of Du Page, Illinois." His petition further stated that defendant had previously appeared and answered "as *725 the divorce action filed was the then desire of both plaintiff and defendant, the grounds for Motion for Dismissal * * * were waived by the defendant to expedite the hearing for divorce * * *." Defendant's request, incorporated into this petition, that it be considered a special and limited appearance to contest jurisdiction "over defendant" is without merit so far as jurisdiction of defendant's person is concerned. He had previously submitted his person to the jurisdiction of the court by filing his general appearance, answer to plaintiff's original complaint, and by stipulating to an agreed order. In his appellate brief, defendant argues lack of jurisdiction only of the subject matter.
Plaintiff urges that jurisdiction of the subject matter is sufficiently established by her residence in Illinois for more than a year preceding the filing of her complaint in Mc Henry County. It is plaintiff's position that the venue provision of the Divorce Act, "the proceeding shall be had in county where the plaintiff or defendant resides" (Ill. Rev. Stat. 1969, ch. 40, par. 6) and the requirement of the Separate Maintenance Act that proceedings shall be instituted in the county of the husband's residence or the county where the wife's abandonment occurred (Ill. Rev. Stat. 1969, ch. 68, par. 23) were capable of waiver by defendant's appearance and agreement to the temporary support and alimony order entered in Mc Henry County.
 2, 3 Although the Civil Practice Act does indeed provide for waiver of all objections of improper venue (Ill. Rev. Stat. 1969, ch. 110, par. 8) with neither divorce nor separate maintenance actions excepted from its scope (same, par. 1; see also Nye v. Nye (1950), 342 Ill. App. 11, 14, 94 N.E.2d 909) the Divorce and Separate Maintenance Acts provide that process, practice and pleading shall be the same as in other civil cases, except as otherwise provided by the Act or by any law or rule of court; (Italics ours, Ill. Rev. Stat. 1969, ch. 40, par. 7 and ch. 68, par. 23.2) and case law has long construed the venue requirements in both actions to be extraordinary and jurisdictional in nature. Jurisdiction of the subject matter thus cannot be waived or conferred upon the court by consent of the parties.
 4, 5 Courts have no inherent equity power in either proceeding, as divorce and separate maintenance actions were unknown to common law, and jurisdiction to hear and determine such cases and all related matters is conferred only by statute. The power of the court may be exercised only within the limits of the statutory grant of jurisdiction. Clubb v. Clubb (1949), 402 Ill. 390, 400, 84 N.E.2d 366; Plotinsky v. Plotinsky (1926), 241 Ill. App. 166, 169.
Venue provisions concerning the county where suit may be instituted have been held mandatory and jurisdictional in nature both in divorce *726 (People ex rel. Bradley v. McAuliffe, 24 Ill.2d 75, 80, 81, 179 N.E.2d 616; In re Estate of Goldberg (1937), 288 Ill. App. 203, 207, 5 N.E.2d 863, cert. den. 302 U.S. 693; Dean v. Dean (1943), 381 Ill. 514, 515, 46 N.E.2d 59), and in separate maintenance actions, Briney v. Briney (1921), 223 Ill. App. 119, 121.
 6-9 Although early decisions of the Illinois Supreme Court, Peeples v. Peeples (1857), 19 Ill. 269; Parker v. Parker (1871), 61 Ill. 369 held that the statutory venue requirement concerning the county in which a divorce action could be instituted was capable of waiver, these cases were expressly overruled in Bleckenberg v. Bleckenberg (1908), 232 Ill. 120, 83 N.E. 423, and Briney v. Briney, supra, at 223 Ill. App. 121 expressly applied the Bleckenberg opinion to separate maintenance actions. These decisions continue effective and controlling in interpreting the venue requirements of the Divorce and Separate Maintenance Acts as mandatory and material, being jurisdictional in nature, and they are consistently followed where a jurisdictional defect actually exists. The omission of a venue allegation, however, is not necessarily fatal as it may be supplied by amendment before decree upon remand to the trial court (Plotinsky v. Plotinsky, supra, at 241 Ill. App. 171, 172), even where the original complaint may be a nullity, an amended complaint may invoke the trial court's jurisdiction of the subject matter (Carbrey v. Carbrey (1969), 108 Ill. App.2d 363, 369, 247 N.E.2d 818), after decree the Appellate Court has drawn an inference of the essential venue from the entire record O'Laughlin v. O'Laughlin (1955), 4 Ill. App.2d 323, 326, 124 N.E.2d 88; and has amended pleadings to conform to proof upon its own motion, Kijowski v. Kijowski (1962), 36 Ill. App.2d 94, 96, 97, 183 N.E.2d 583.
Defendant's petition to dismiss does not specify whether it was filed pursuant to Section 45 of the Civil Practice Act, Motions with respect to pleadings, or Section 48 of that Act, Involuntary dismissal based upon certain defects or defenses (Ill. Rev. Stat. 1969, ch. 110, pars. 45 and 48). It appears to be filed pursuant to Section 48, however, as it is verified and includes factual allegations which do not otherwise appear on the face of the pleadings. It is to be noted that Ill. Rev. Stat. 1969, ch. 110, par. 48(a) authorizes involuntary dismissal where the court does not have jurisdiction of the subject matter, provided the defect cannot be removed by transfer of the case to a court having jurisdiction. (Emphasis supplied). Plaintiff alleged, and defendant admitted, she had been a resident of Illinois for more than one year immediately preceding the filing of her original complaint, so it does appear that if jurisdiction of the subject matter is in fact lacking in Mc Henry County the cause is capable of transfer to the Circuit Court of the proper county in Illinois, *727 and transfer rather than dismissal is the disposition provided by statute where the jurisdictional defect can be removed.
No evidence was taken at hearing on defendant's petition to dismiss, the matter was determined on arguments of counsel, and a transcript of that hearing has not been provided to us. In its memorandum of decision, the trial court mentioned it was admitted plaintiff was not a resident of Mc Henry County at the time of filing the amended complaint and "it seemed to be almost conceded plaintiff was not a resident at the time the suit was filed."
 10 On this record we cannot say whether a jurisdictional defect actually exists in Mc Henry County, nor do we find the trial court's memorandum of decision helpful. We find it inappropriate to put plaintiff out of court on an "almost" concession and believe jurisdiction does not turn on plaintiff's residence at the time of filing the amended complaint. The general rule is that jurisdiction of a court over a cause depends on the state of facts at the time the action is brought, and it has been held that a change of plaintiff's residence after filing an original complaint for divorce and before filing a supplemental complaint for divorce did not divest the court of jurisdiction. (See Kovac v. Kovac (1960), 26 Ill. App.2d 29, 167 N.E.2d 281 and cases cited therein.)
 11-13 Sandra Chrastka, plaintiff herein, should be allowed reasonable opportunity to amend her complaint to include allegations of venue or counts for divorce and to present such evidence of venue as she may desire or be able to do. In the event venue is not shown to be in Mc Henry County, but in another county within Illinois, the order of the trial court should not be dismissal, but transfer of plaintiff's cause of action to such other county upon the court's own motion or that of either party. (Sec. 10 of the Civil Practice Act, Ill. Rev. Stat. 1969, ch. 110, par. 10.) The Illinois Supreme Court construed the Venue Act of 1891 as empowering a court of record without jurisdiction of the subject matter to transfer a cause of action to the proper county (Central Ill. Service Co. v. Industrial Comm. (1920), 293 Ill. 62, 68, 69, 127 N.E. 80), and in 1946, after adoption of the Civil Practice Act, stated that want of jurisdiction in the first instance does not prevent courts of record from exercising the sole function of transferring the cause to the proper venue as they are given special and limited jurisdiction for that purpose. (Herb v. Pitcairn (1946), 392 Ill. 138, 149, 64 N.E.2d 519.) Any court having jurisdiction of the subject matter will also have discretion to order payment of plaintiff's attorney's fees and costs as may be provided by statute, commencing with the filing of her original complaint in Mc Henry County. We believe this discretion in any court to which the cause might be *728 properly transferred flows logically from the statutory provision that a transferred case "shall proceed and be determined as if it had originated in that court." Ill. Rev. Stat. 1969, ch. 110, par. 10(3).
Plaintiff's original complaint was filed February 26, 1970. Defendant's petition to dismiss was filed June 3, 1970. While this petition alleges, without contradiction, both defendant's past and present non residence in Mc Henry County, it alleges only Mrs. Chrastka's present non residence in Mc Henry County, present residence of both parties in Cook County, and their prior residence in Du Page County. This pleading reinforces out view that inquiry into removal of any jurisdictional defect in Mc Henry County by transfer to another county is warranted, and we note it does not exclude plaintiff's abandonment in Mc Henry County.
This disposition, we believe, is equitable to both parties and surely not unfair to defendant. If Mc Henry County ultimately shall appear to be one where venue does not exist, defendant's petition indicates that he knowingly, and perhaps more enthusiastically than plaintiff, participated in the proceeding there without objecting to improper venue until his own objectives were no longer being served.
Judgment is therefore reversed and the cause is remanded with direction to the trial court to vacate the order of dismissal.
ABRAHAMSON, J., concurs.
MORAN, P.J., dissenting:
The majority has properly disposed on plaintiff's claim that a one year residency in Illinois, without regard to the county of residence, is insufficient to place jurisdiction of her cause within the trial court.
In seeking reversal, plaintiff advances only two contentions. She first asserts that the trial court erred in allowing the motion to dismiss without granting her a hearing as to her residency at the time of filing the complaint and argues that the indication within defendant's verified motion, that neither of the parties were residents of Mc Henry County, was not true because the plaintiff was living with a relative of the defendant at the time the complaint was filed. The County of that claimed residence is not identified. Regardless, plaintiff's statement is merely a gratuitous remark, unsubstantiated by the record and found only in the argument portion of her brief. She further argues this point contending that, when defendant raised the jurisdictional issue in his motion, it became the duty of the court to make inquiry as to her residence. This rationale places the court in the position of advocacy, is obviously without merit and requires no attention.
Plaintiff next contends that the trial court erred in dismissing the cause for lack of jurisdiction over the subject matter merely because she *729 failed to allege "the county where the parties of the suit reside," arguing that jurisdiction can be determined from the fact that the first paragraph of her complaint states she had been a resident of the State of Illinois for more than one year and, further, that failure to allege the county of residence is not fatal "if the record discloses that necessary resident facts actually existed." The latter statement is true, but for support plaintiff states, "At the time of filing not only did she live in Mc Henry County having left Du Page County, but her divorced mother resided likewise in Mc Henry County." She avoids stating that she resided with her mother (any such inference is contradictory to her own statement that she resided with defendant's relative) and she again takes the unwarranted liberty of going without the record in an attempt to support her claim of error.
The record discloses that plaintiff's complaint for divorce was set for hearing on May 4, 1970. She failed to appear and the cause was continued to the next day. On that day, instead of proceeding with the hearing, plaintiff's attorney requested that the complaint be dismissed and that plaintiff (who again did not appear) be allowed to file, instanter, an amended complaint for separate maintenance. This was allowed over objection. The amended complaint, like the original complaint, failed to allege that either party was a resident of Mc Henry County. The court ordered the defendant to answer or otherwise plead to the amended complaint within 30 days.
Within the time allowed, the defendant, by way of special and limited appearance, filed a verified motion to dismiss the amended complaint which contested the court's jurisdiction, alleged that neither party resided in Mc Henry County and stated that a divorce action between the parties was pending in Cook County. Plaintiff filed no responsive pleadings to the motion. Instead, some 7 weeks later, upon plaintiff's own notice, the motion was heard but she offered no testimony. The record does not disclose if the plaintiff was personally present in court on this occasion. However, during oral argument, it was admitted that she was not a resident of Mc Henry County at the time of the amended complaint.
The trial court's memorandum of decision includes the following:
"Before proceeding further it ought to be mentioned that, in arguments before this Court, it was admitted that Plaintiff was not a resident of McHenry County at the time of filing the Amended Complaint.
Furthermore, at times in the arguments, it seemed to be almost conceded that Plaintiff was not a resident at the time suit was filed."
It is my view that plaintiff had every opportunity, and it was her duty, to: (1) amend her complaint to show the county of her residence; (2) deny, by responsive verified pleadings, allegations found in the motion; *730 or (3) during the hearing, offer testimony in rebuttal to the allegation of non-residency. For reasons known only to herself, she did none of these. I can only conclude, as did the trial court, that she did not do so because, in fact, she was not a resident of Mc Henry County at the time of filing the original complaint or at the time of filing the amendment thereto.
To invoke the jurisdiction of the court in divorce or separate maintenance actions, it is prerequisite that one of the parties be a resident of the county in which the action is brought. This must not only be alleged by the plaintiff in the complaint but, when not admitted, must be proved just as any other essential element. Plaintiff herein failed to do so.
The question of jurisdiction should be reached at the earliest possible stage in any proceeding and, generally speaking, if not raised, jurisdiction will be waived. However, in the instant type of case, the question of jurisdiction is not waived by failure to make objection in the trial court and may be raised for the first time on appeal. (People ex rel. Bradley v. McAuliffe (1962), 24 Ill.2d 75, 80-81.) The decision of the majority leaves open certain questions relative to divorce and separate maintenance actions: e.g., is there any need to allege the county of residence of the parties in the complaint; what benefit will there be for a defendant to enter a special and limited appearance to contest jurisdiction of the court; is it the court's duty, when a jurisdictional question arises, to seek the factual situation?
It is the majority's conclusion (with which I do not agree) that the disposition taken in this case is "surely not unfair to defendant." However, the question is not whether the disposition is unfair to the defendant but whether it is unfair to the trial judge who was totally unaided in his decision due to plaintiff's inaction.
The majority states that no evidence was taken, that the matter was determined on oral arguments. I again disagree. The evidence before the trial judge, by way of verified motion, was that neither party resided in Mc Henry County. This fact stood uncontradicted. It is my opinion that the trial court had no alternative, under the circumstances of this case, but to grant the motion.
I would, therefore, affirm the trial court's judgment.