(Nos. 49791, 50156, 50327 cons

JANET F. GALVIN, Appellee, v. CHARLES P. GALVIN, Appellant.

*Opinion filed May 26, 1978.*

114

KLUCZYNSKI, J., took no part.

Richard C. Moenning, of Chicago, and Ronald L. Keyser, of Eliff, Keyser & Hallberg, of Pekin, for appellant.

Sandman, Levy & Moltz, and Samuel K. Bell, of Chicago (Kerry L. Kessler, of counsel), for appellee.

MR. JUSTICE MORAN delivered the opinion of the court:

This matter, consolidated from three appeals, concerns the constitutionality of a venue provision in "An Act in relation to married men and women" (the Act). (Ill. Rev. Stat. 1975, ch. 68, par. 22 *et seq.*) The Act, in existence for over 100 years, has been repealed and superseded by the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 101 *et seq.*), which became effective October 1, 1977. The action is before this court pursuant to Supreme Court Rule 302(a) (58 Ill. 2d R. 302(a)) as a result of an order entered in the circuit court of Cook County declaring invalid section 2 of the Act (Ill. Rev. Stat. 1975, ch. 68, par. 23).

On June 6, 1977, plaintiff, Janet F. Galvin, filed an action for separate maintenance in Cook County, where, according to her complaint, she had resided apart from the defendant, her husband, for over six months. The com-

plaint failed to allege where the defendant resided, but it is stipulated that he lived at the marital home in Tazewell County. The defendant was personally served on June 24 at the marital home. The defendant subsequently filed a special appearance to contest the court's jurisdiction and to seek to quash the return of summons. He asserted that jurisdiction over the cause existed solely in the county where the defendant resided. In an order dated July 14, 1977, the trial court denied the motion to quash and asserted jurisdiction over the cause. The transcript of the proceedings indicates that the trial court *sua sponte* found that section 2 of the Act, which provides in part that "[p] roceedings *** shall be instituted in the county where the husband resides," denies a woman equal protection of the laws. Upon denying defendant's motion to quash, the trial court entertained plaintiff's petition for temporary relief. The court ordered the defendant to pay temporary child support and temporary attorney's fees.

On July 25, 1977, the court entered a rule to show cause why the defendant should not be held in contempt for failure to comply with the child-support order. The court further ordered that plaintiff be awarded temporary custody of the minor children, that the defendant return an automobile to the plaintiff, and that the defendant provide indicia of health insurance coverage. On the following day, the defendant filed his first notice of appeal to challenge the order which declared invalid section 2 of the Act and challenged all orders entered subsequent thereto.

On September 15, 1977, upon a finding of noncompliance with the July 25 order, defendant was held in contempt and a writ for the defendant's body attachment was issued. The following day, the defendant filed a second notice of appeal challenging the September 15 order.

On October 27, 1977, the trial court entered an order

which granted plaintiff leave to file an amended petition for dissolution of marriage, and held the defendant in contempt. The court issued another writ of attachment. It also entered judgment against the defendant for temporary attorney's fees and costs. On November 14, defendant filed his third notice of appeal to challenge the October 27 order.

Plaintiff sought to dismiss the three appeals alleging mootness due to the enactment of the Illinois Marriage and Dissolution of Marriage Act. On November 22, we denied plaintiff's motion to dismiss.

Section 2 of the Act provides:

> "Proceedings under this act shall be instituted in the county where the husband resides, and process may be served in any county in the state; but the wife shall not be required to give bond for costs in any such proceeding: Provided, in case the husband shall abandon the wife without fault on her part, and remove to another county in this state, then and in that case such suit may be brought by the wife either in the county where they resided at the time of such abandonment as aforesaid or in the county where the husband resides at the time of the commencement of such suit." (Ill. Rev. Stat. 1975, ch. 68, par. 23.)

On its face, the section purports to require that all separate maintenance actions, *whether brought by the husband or by the wife,* must be initiated in the county where *the husband* resides. The section cannot, however, be interpreted in stark isolation. Section 1 of the Act states, in pertinent part:

> "Married (men or) women who, without their fault, now live or hereafter may live separate and apart from their (wives or) husbands may have their remedy, in their own names, respectively, against their said (wives or) husbands *in the circuit court of the county where (the wife or) the husband resides,* for a reasonable support and maintenance while they so live or have so lived separate and apart ***." (Emphasis and parentheses added.) Ill.

Rev. Stat. 1975, ch. 68, par. 22.

The parentheses have been here added to the above provision to clarify an ambiguity created by the disjunctive "or." The provision allows a married man a remedy for separate maintenance against his wife in the county where the wife resides. Similarly, a married woman has a remedy for separate maintenance against her husband in the county where the husband resides. Simply stated, the remedy lies only in the circuit court of the county in which the defendant resides. This construction comports with the general venue provision of the Civil Practice Act which authorizes venue in the county where any defendant, not any plaintiff, resides. Ill. Rev. Stat. 1975, ch. 110, par. 5.

A brief overview of the historical development of separate maintenance actions confirms this common sense construction. At common law, a woman compelled to live apart from her husband without her fault was not accorded a legal right to maintain an action for support in her own behalf. The original purpose of the separate maintenance action was to enable a married woman to sue in equity in her own name for her support. (See *Ross v. Ross* (1873), 69 Ill. 569, 572.) In 1877, an action for separate maintenance could be brought only by married *women* and the action could be instituted in the county where either the husband or the wife resided. (See Ill. Ann. Stat., ch. 68, secs. 22, 23, Historical Notes, at 66 and 114 (Smith-Hurd 1959).) In 1891, the Act was amended to require that suit be brought (by married women) only in the county where the husband (defendant) resided. The amendment also provided that in those cases in which the husband abandons the wife, the action might alternatively be brought in the county where they resided at the time of the abandonment. (See Hurd's Rev. Stat. 1891, ch. 68, pars. 22, 23.) In 1935, the Act was amended to, for the first time, accord husbands similar rights to separate

maintenance. The requirement that the action be brought only in the county where the defendant resided was preserved in section 1 of the Act. As was the case generally in other civil actions, separate maintenance actions had to be brought in the county where the defendant resided. (See Ill. Ann. Stat. and accompanying note, ch. 110, par. 135, at 1070-71 (Callaghan Supp. 1932-1935).) However, section 2 of the Act was not amended to reflect the substantive change in the law which enabled married men to bring separate maintenance actions. Such oversight created an apparent inconsistency in the Act: on the one hand, section 1 provided that all actions must be brought in the county where the defendant resides, and, on the other hand, section 2 appeared to require that all actions be brought where the husband (no longer synonymous with defendant under the 1935 amendment) resides.

A cardinal rule of statutory construction ordains that sections *in pari materia* must be considered with reference to one another so that both sections may be given harmonious effect. (*Gillespie v. Riley Management Corp.* (1974), 59 Ill. 2d 211, 215; *People ex rel. Vaughan v. Thompson* (1941), 377 Ill. 244, 249; 2A Sutherland, Statutes and Statutory Construction secs. 46.05, 51.03 (4th ed. 1973).) Both sections 1 and 2 frame the jurisdiction and venue of a separate maintenance action. It is apparent that when the legislature amended the Act in 1935, it intended to enable a married man to bring an action for separate maintenance. It so provided in section 1. It is also evident that the legislature intended to preserve the statutory requirement that all separate maintenance actions be brought in the county where the defendant resides. The amendment of section 1 accomplished this. Reading the sections in consort, we conclude that section 2 should be construed to refer to the husband in the status of defendant, as was the case when section 2 was first enacted in 1891. Read in this manner, actions under the

Act, whether brought by the husband or by the wife, must be brought in the county where the defendant spouse resides, with the exception only of cases in which the husband abandons the wife. Consequently, the statutory scheme does not discriminate against the wife in defiance of equal protection.

Accordingly, we hold that the provisions of the former separate maintenance act, which required the plaintiff to bring her action for separate maintenance in the county in which her husband resided, were valid. Therefore, the action was improperly initiated in the circuit court of Cook County.

The plaintiff contends that even if the action was originally filed in the wrong venue, such error was cured when the court granted her leave to file an amended petition for dissolution of marriage pursuant to the Illinois Marriage and Dissolution of Marriage Act. However, because separate maintenance actions as well as divorce actions were, under the former acts, considered to be outside a court's general equity power, jurisdiction to hear and determine such cases could be exercised only within the limits of the jurisdiction conferred by statute. (*People ex rel. Christiansen v. Connell* (1954), 2 Ill. 2d 332, 341 (divorce); *Plotnitsky v. Plotnitsky* (1926), 241 Ill. App. 166, 168-70 (separate maintenance).) The venue provisions of the Act regarding separate maintenance had consistently been construed to be mandatory and jurisdictional in nature. (*Chrastka v. Chrastka* (1971), 2 Ill. App. 3d 722, 725; *Briney v. Briney* (1921), 223 Ill. App. 119, 121.) It is axiomatic that a court without jurisdiction to proceed in the action lacks the power to enter orders incident to that action. (*Dean v. Dean* (1943), 381 Ill. 514, 515 (divorce); *Brand v. Brand* (1964), 53 Ill. App. 2d 190, 192 (separate maintenance).) Therefore, the order granting leave to file an amended petition for dissolution of marriage, as well as all orders entered subsequent to the court's improper

assertion of jurisdiction, must be vacated.

Accordingly, we reverse the trial court's finding that section 2 of the Act is unconstitutional and vacate the trial court's orders entered pursuant to its improper assertion of jurisdiction.

*Judgment reversed;*
*orders vacated.*

MR. JUSTICE KLUCZYNSKI took no part in the consideration or decision of this case.