*In re* MARRIAGE OF CONNIE J. (SIMMONS) HEADY, Petitioner-Appellant, and L. DUANE HEADY, Respondent-Appellee.

Fifth District No. 82—494

Opinion filed June 9, 1983.

Robert E. Cummins, of Kidwell, Cummins & Bast, of Mattoon, for appellant.

Law Offices of Robert L. Douglas, Ltd., of Robinson, for appellee.

JUSTICE KARNS delivered the opinion of the court:

This appeal is taken from the judgment of the circuit court of Jasper County dismissing Connie J. (Simmons) Heady's complaint for dissolution of her marriage to L. Duane Heady. The complaint was dismissed on the ground that an earlier divorce decree granted to Duane Heady barred the present proceeding.

Duane Heady originally obtained a decree of divorce in the circuit

court of Crawford County on August 29, 1977. The court also approved a property settlement which had been prepared and signed by the parties in advance. Although Connie had entered her appearance in the cause and was represented by counsel in preparing the settlement, neither she nor her attorney were present at the August 29 hearing.

On August 21, 1981, Connie filed for dissolution of her marriage to Duane Heady in Jasper County, alleging that the earlier decree was void because neither party was a resident of Crawford County as required by section 5 of the Divorce Act then in effect. (Ill. Rev. Stat. 1975, ch. 40, par. 6.) That section provided that venue will lie for a divorce proceeding only in the county where the husband or wife resides. Duane moved to dismiss the complaint on the grounds that the earlier decree barred the dissolution action. The circuit court of Jasper County allowed the motion and Connie appealed.

Connie argues on appeal that the venue provision of the prior divorce law (Ill. Rev. Stat. 1975, ch. 40, par. 6) has been consistently held by the courts to be a jurisdictional requirement that cannot be waived by the parties. Because it is undisputed that neither party was a resident of Crawford County, she asserts that the court was without subject matter jurisdiction and accordingly that the decree is void and unenforceable.

Duane argues that section 104 of the new Illinois Marriage and Dissolution of Marriage Act (Act) (Ill. Rev. Stat. 1981, ch. 40, par. 104), which became effective October 1, 1977, is controlling. The language of former section 5 was changed in section 104 to provide explicitly that venue in dissolution proceedings is not jurisdictional. (Ill. Rev. Stat. 1981, ch. 40, par. 104.) He claims that the General Assembly must have intended to validate any divorce decree entered before October 1, 1977, that did not meet the venue requirements of former section 5. He asks this court to hold that the August 29 decree is validated retroactively by section 104 or that the decree is of full force and effect as of October 1, 1977. In the alternative, Duane argues that Connie should be estopped from challenging the decree because she has accepted the benefits of the property settlement attendant thereto.

The parties agree, and we acknowledge, that the supreme court has historically interpreted section 5 (Ill. Rev. Stat. 1975, ch. 40, par. 6) to be jurisdictional. It has held that residence in the county where the proceeding is brought is necessary to confer jurisdiction on the court and that jurisdiction cannot be waived or conferred upon the court by consent of the parties. (*People ex rel. Bradley v. McAuliffe*

(1962), 24 Ill. 2d 75, 179 N.E.2d 616; *Dean v. Dean* (1943), 381 Ill. 514, 46 N.E.2d 59; *Becklenberg v. Becklenberg* (1907), 232 Ill. 120, 83 N.E. 423.) The rule derives from the fact that divorce actions were unknown to the common law. Courts were considered to have no inherent equity power in divorce actions but were strictly limited to their statutory grant of power. (*Clubb v. Clubb* (1949), 402 Ill. 390, 400, 84 N.E.2d 366, 371.) Since section 5 did not provide for waiver of venue, jurisdiction was limited to cases where one party was a resident of the county where the proceeding was instituted. The rule has recently been cited by the supreme court in *Galvin v. Galvin* (1978), 72 Ill. 2d 113, 378 N.E.2d 510, and has been followed by the appellate court. *Farah v. Farah* (1975), 25 Ill. App. 3d 481, 323 N.E.2d 361; *Chrastka v. Chrastka* (1971), 2 Ill. App. 3d 722, 277 N.E.2d 729.

However, a careful review of the statutes and case law leads us to conclude that the Crawford County decree is valid and the complaint for dissolution in Jasper County was properly dismissed.

We find the supreme court decision in *People v. Gilmore* (1976), 63 Ill. 2d 23, 344 N.E.2d 456, helpful to the analysis of the issue presented. Defendant Gilmore entered a guilty plea to and was convicted on three counts of forgery. On appeal he argued that the information was insufficient to charge the forgery offense because the name of the payee of the check had been omitted. Although the appellate court expressed a strong reluctance to reverse the conviction on this ground, since the record clearly established that defendant had negotiated the check by pretending to be the payee, it felt compelled to do so by early decisions of the supreme court which consistently held that an information must adequately charge an offense to confer subject matter jurisdiction on the court. Jurisdiction could not be waived and the defect could be raised for the first time on appeal. *People v. Gilmore* (1975), 28 Ill. App. 3d 130, 135, 328 N.E.2d 53, 57.

The supreme court reversed and reinstated the conviction. The court acknowledged its earlier decisions relied upon by the appellate court but held, in light of current statutory and constitutional provisions, that subject matter jurisdiction is not conferred upon the circuit courts by an information or indictment but by the constitution of the State. *People v. Gilmore* (1976), 63 Ill. 2d 23, 26, 344 N.E.2d 456, 458.

Similarly, we believe that county residence of the parties in a dissolution proceeding should not be required to confer jurisdiction on the court. We believe that the supreme court would not now follow these cases that apparently treated the question as one of jurisdiction. We note in support of our decision that venue generally is not juris-

dictional and can be waived (Ill. Rev. Stat. 1981, ch. 110, par. 2—104), and we emphasize that the new Act (Ill. Rev. Stat. 1981, ch. 40, par. 104) specifically provides that venue is not jurisdictional.

In addition, we are reluctant to find the original decree void because of the four-year span during which neither party challenged the validity of the divorce. We note that in no other case where venue has been held to be jurisdictional, did the parties fail to challenge the decree for such a lengthy period. In the other cases, the lack of venue was challenged at trial or immediately upon appeal. (See *Galvin v. Galvin* (1978), 72 Ill. 2d 113, 378 N.E.2d 510 (venue challenged by special appearance in trial court and pursued on appeal).) When an immediate challenge is made the parties are well aware that their affairs have not been finally settled, and they can conduct their lives accordingly. In direct contrast, the present case presents the unusual situation where both parties acted in belief that the August 1977 decree was valid. Connie accepted the benefits of the property settlement including alimony in gross and numerous marital possessions. Duane received the marital home but incurred all the debts of the marriage and the mortgage on the home. Any decision made contrary to the August 1977 decree would clearly cause substantial difficulty for both parties and since Connie has accepted the benefits of the decree, we find her decision to contest it at this late date unacceptable. *Boylan v. Boylan* (1932), 349 Ill. 471, 182 N.E. 614; *Kissin v. Kissin* (1961), 29 Ill. App. 2d 126, 172 N.E.2d 635.

■ Finally, we think it is important that the new Act has addressed these same concerns. Section 102 (Ill. Rev. Stat. 1981, ch. 40, par. 102) calls for a liberal construction of the Act to effectuate several stated purposes of the Act, including promoting the amicable settlement of disputes and mitigating the potential harm to spouses caused by dissolution. (Ill. Rev. Stat. 1981, ch. 40, pars. 102(3), (4).) To allow relitigation of a four-year-old divorce decree serves no statutory purpose and instead jeopardizes the settlement already made and prolongs the possible mental harm to the parties that could be caused by such an uncertainty.

■ Therefore, we affirm the judgment of the circuit court of Jasper County dismissing the complaint for dissolution.

Affirmed.

JONES and WELCH, JJ., concur.